FRANKLIN PIERCE McCALL v. STATE.

186 So. 667.
Order Entered February 15, 1939.

C. A. Averitt, and E. C. Rutledge for Plaintiff in Error; George Couper Gibbs, Attorney General, Lawrence A. Truett and Tyrus A. Norwood, Assistant Attorneys General, and G. A. Worley, State Attorney, for the State.

TERRELL, C. J.—This is an application by the plaintiff in error, Franklin Pierce McCall, for a stay order pursuant to Section 350, Tite 28, U. S. C. A. to withhold the execution of the final judgment herein for such time as is essential to permit him to apply to the Supreme Court of the United States for writ of certiorari. The judgment was entered January 3, 1939, and petitions for rehearing were denied February 10, 1939. It affirmed a conviction for kidnaping for ransom in violation of Chapter 16063, Acts of 1933, for which the death penalty was imposed. The essential facts are stated in the opinions filed on the dates stated above.

In Williams, et al., v. Keyes, et al., filed January 28, 1939, the circumstances warranting the granting of a stay order were considered and it was there held that such an order should not be granted unless it was made to appear (1) that the case is one that would likely be taken up on certiorari and (2) that the balance of convenience requires a suspension of the decree and a withholding of the mandate. It was further held that the necessary prerequisite for such a review is the exemplification of a federal question that was affirmatively presented, that its decision was necessary

to the determination of the cause, that it was actually decided or that the judgment as rendered could not have been so without deciding it.

The defendant attempts to bring himself within this rule by proclaiming that he was denied the right of counsel before arraignment and in preparation for his trial, contrary to the fifth, sixth, and the due process clause of the fourteenth amendments to the Constitution of the United States. Powell v. Alabama, 287 U. S. 45, 53 Sup. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; Johnson v. Zerbst, 304 U. S. 458, 58 Sup. Ct. 1019, 82 L. Ed. 1461; Downer v. Dunaway, 53 Fed. (2nd) 586, are relied on to support this contention.

The pointed question decided in these cases was that in a capital case where defendant is unable to employ counsel and is incapable of adequately making his own defense because of ignorance, feeblemindedness, illiteracy, or for other cause, it is the duty of the Court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law and that that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case.

In the cited cases, it was held that this rule was ignored and the defendants were thereby denied fundamental rights guaranteed them by the Federal Constitution but it was shown that defendants entered a plea of not guilty and were denied the right of counsel at all times during the trial. They were, unlettered, in a strange county, away from friends, and in the Powell and Downer cases, defendants were under the care of the State troops at every step in the trial and before it to prevent mob violence.

In the case at bar, the facts were very different and the facts provoke the law under our system of jurisprudence. Counsel should not overlook this. It is true that defendant

did not have the benefit of counsel before arraignment but able counsel was immediately thereafter appointed to represent him and he was in fact represented at the trial. The crime with which he was charged was committed on May 28, 1938; he was arrested June 5th by the Federal Bureau of Investigation, made a full confession, was indicted on June 14th, arraigned and plead guilty the same day and his trial was set for the following day. At the hour set for his trial, the State and the defendant announced ready for trial, no further time was asked for preparation though the court inquired of defendant's counsel if he had any motions to offer. He could have changed his plea and could have asked for more indulgence at this time but he declined to do so. Offering no motion, the trial proceeded, the State put on its evidence, and the defendant took the stand and made a full and complete confession of the crime for which he was charged.

The trial was conducted according to every legal requirement; there was no suggestion of mob violence; the defendant was at no time in fear or duress; he voluntarily took the stand and for the third time, made a full and complete confession reciting in meticulous detail how he abducted his victim, James Bailey Cash, Jr., how he asphyxiated and killed him in getting away, for which he is also under indictment for murder in the first degree, and how he received the ransom money.

He now contends that he was denied the advise of counsel in that he did not have the counsel of his choice. The fundamental guaranty of the right of counsel is for the purpose of preparing one's defense and to see that he has a legal trial. When the defendant voluntarily confesses committing the crime and enters a plea of guilty, there is no defense to prepare for. In such a case, the reason for counsel is reduced to seeing that the defendant is properly

advised and that his rights are protected in the conduct of the trial. It is shown here that defendant was represented by able and experienced counsel at his trial and we are pointed to nothing that could have been done for him that was not done.

It is next contended that defendant was denied the fundamental right of trial by jury guaranteed him by the fifth and fourteenth amendments to the Federal Constitution. That right is also guaranteed by Sections Three and Eleven, Declaration of Rights, Constitution of Florida.

On this point, it is sufficient to say that defendant voluntarily waived his right of trial by jury and elected to be tried by the Court. Such procedure was authorized by Sections 8400 and 8401, Compiled General Laws of 1927, which are to be read in connection with Chapter 16063, Acts of 1933. The law is settled in this country that when authorized by statute, the Court may in a capital case accept a plea of guilty and when done, the defendant waives his right of trial by jury. When this is done, the trial court may examine the evidence and determine the punishment within the statute to be administered. He found nothing in the evidence to warrant commutation of the defendant. This procedure has been repeatedly upheld by the Supreme Court of the United States and by the State Courts. Hallinger v. Davis, 146 U. S. 314, 13 Sup. Ct. 105, 36 L. Ed. 986, and cases there cited; Patton v. United States, 281 U. S. 376, 50 Sup. Ct. 253, 74 L. Ed. 854; McCall v. State, decided by this Court January 3, 1939; Green v. Commonwealth, 12 Allen (Mass.) 155.

We have not overlooked the weight of defendant's contention that he did not have the advice of counsel of his choice and that he now repudiates his plea of guilty and says that it was proffered under duress. The record in no respect supports this contention. As to the former, it is

shown that he was ably represented in both the Circuit and the Supreme Court and as to the latter contention, it was not presented until after his conviction was affirmed and execution was impending. If one charged with crime may be given another chance under such a pretext, every conviction will come to naught. No objection was raised to counsel appointed by the court and the counsel of his choice was present at the trial and both did their full duty.

I have not discussed the proposition of whether or not these federal questions were properly before me though it has not been overlooked. I would be the last to deprive defendant of a fundamental right so I have assumed that they were timely raised. I am not unmindful of the zeal of friends and counsel in his behalf; neither should it be overlooked that the crime for which he was convicted is the worst species of avarice that ever held captive the human concepts. He not only wrecked his own home but created for all time a vacant chair in that of another for which no man can compensate.

I think that an application for a stay order in a capital case should be more liberally construed than one in a civil case. In Williams, *et al.,* v. Keyes, *et al., supra,* it was held that if the probability of review by the Supreme Court of the United States was so much as fifty-fifty, the stay order should be granted. In a capital case like that under review, I would say that the stay order should be granted if there was ground for reasonable men to differ as to whether or not the writ of certiorari would be granted.

It seems to me that defendant's contention in both instances is without merit. He has had all done for him by counsel that could have been done and he voluntarily elected to be tried by the court rather than the jury. He had a right to do this and having repeatedly confessed the crime and entered a plea of guilty, the only theory on which

he elected to be tried by the court was in the hope of life imprisonment instead of the extreme penalty. He failed of what he expected and now seeks another chance. A stay order should not be granted for this purpose and I find no other basis to warrant it.

It is accordingly denied.