STATE *ex rel.* GEORGE COUPER GIBBS, Attorney General, v. FRANK V. B. COUCH, ROBERT K. MILLER, GORDON MONTGOMERY, JOHN LATOUR, and RALPH W. RICHARDS.

190 So. 818
Opinion Filed August 17, 1939

*George Couper Gibbs,* Attorney General, *H. E. Carter,* Assistant Attorney General, *C. L. Waller* and *Philip D. Beall,* for Relator;

*B. F. Brass* and *Green & West, Mitchell D. Price & Charles W. Zaring, Edgar W. Waybright* and *Roger J. Waybright,* for Respondents.

TERRELL, C. J.—Writ of ouster was issued in this cause August 12, 1939. Respondents move that the enforcement of said writ be suspended for sixty days to enable them to apply to the Supreme Court of the United States for writ of certiorari to review the judgment of this Court on which the writ of ouster was predicated.

As support for their motion, they rely on decisions of this Court to the effect that one holding public office has a property right therein which he cannot be deprived of without due process of law, that the writ and judgment complained of, if enforced, will eject them from the office of City Commissioner of Daytona Beach without due process, contrary to the Fourteenth Amendment to the Federal Constitution.

In Williams v. Keys, 135 Fla. 769, 186 So. 266, the circumstances under which stay orders of the class here sought were fully reviewed and we there held that if the case was one that would likely be reviewed by the Federal Court on certiorari or one in which the balance of convenience requires a suspension of this Court's decree and a withholding of its mandate, the stay order should be granted.

The ultimate question involved in this case was the interpretation of House Bill 1974, Acts of 1939, as affected by Section 8, Article VIII, Constitution of Florida. Respondents took office with knowledge of this provision of the State Constitution and with knowledge of the fact that it had been previously and repeatedly construed to authorize the very thing they complain of. In fine, the question is one governed by State law, affected by State procedure, on which the decision of this Court is final. The decision complained of dealt exclusively with the interpretation and scope of Section 8, Article VIII, of the State Constitution rather than its validity, the latter not being considered.

For this and other reasons, the balance of convenience does not require the suspension of our judgment and no question is presented that the Federal Supreme Court would likely review, so the motion for stay is denied on authority of Williams v. Keys, *supra*. See also McCall v. State, 136 Fla. 343, 186 So. 667.

It is so ordered.