**LAUREN DAVIS, alias SPANG DAVIS, v. STATE OF FLORIDA**

32 So. (2nd) 827      June Term, 1947
December 12, 1947      Division A

*P. Guy Crews,* for appellant.

*J. Tom Watson,* Attorney General, and *Ernest W. Welch,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Lauren Davis, alias Spang Davis, and Harvey Stills were jointly informed against in the Criminal Court of Record of Duval County, Florida, for the crime of murder in the second degree for the unlawful killing of Allen Mathew Wilson in Duval County on the 26th of July, 1946. The defendants were arraigned and each entered a plea of not guilty. They were placed upon trial before the trial court, a jury having been waived by each of the defendants, and after hearing all the evidence and argument of counsel an order of not guilty as to Harvey Stills was entered but adjudicated Lauren Davis, alias Spang Davis, guilty of manslaughter and imposed a sentence of five years in the State Prison. Lauren Davis, alias Sprang Davis, appealed. He poses six questions here for adjudication.

Questions 1, 2 and 4 raised by appellant in general terms go to the sufficiency of the evidence to sustain the verdict. The evidence shows that several colored people were in attendance at Manuel's Tap Room, a place where whiskey was sold and entertainment of the customers supplied by the bar. The deceased's wife precipitated the trouble by directing an insulting remark to the appellant Davis and in retaliation he slapped the face of Wilson's wife. She retired from the room and shortly returned with her husband (Wilson) and fight ensued between Davis and Wilson in which Wilson was cut with a knife by appellant Davis and died shortly thereafter. The appellant during the trial admitted the cutting but contended

that he was justified in so doing. There is some evidence in the record to sustain a plea of self defense and the trial court so held by reducing the charge from murder in the second degree to manslaughter. The grounds of the motion for a new trial are viz: (1) the verdict is contrary to law; (2) the verdict is contrary to the evidence; (3) the verdict is contrary to the law and evidence; (4) the defendant was without counsel and unable to properly present his defense; that he has a good defense and seeks an order granting a new trial so that he may present the defense. It is our conclusion that the evidence is legally sufficient to support the verdict and judgment of manslaughter.

The record discloses the following endorsement on the information: "I, the defendant herein, in open Court do hereby expressly waive a trial by jury and request the Court to try the issues of fact herein. Lauren S. Davis, Defendant." The record discloses that the defendants during the trial were represented by counsel and in part is viz:

"THE COURT: I want to get into the record that Mr. Frank Cannon has consulted with the defendants about waiving a jury.

MR. CANNON: If the Court please, I have explained it fully and they desire that the Court shall decide it.

"THE COURT: Very well, you boys understand what you are doing in waiving a jury?

"VOICES ANSWER: YES sir.

"MR. CANNON: If Your Honor please, at this time I wish to announce that I am retiring from the case. Mr. Muse has agreed to represent the defendants.

The record certified here discloses that attorney Muse cross examined for the defendants below the several witnesses offered by the prosecution; that he objected in some instances to the admissibility of the testimony and obtained a ruling on the objections on the part of the trial court. The defendants were sworn and testified in their own behalf and were interrogated by attorney Muse and cross examined by attorney Taylor for the prosecution. On the face of this record it cannot be said that the appellant was not represented by counsel from

the time of arraignment, including each step of the trial down to and inclusive of the entry of judgment against appellant, regardless of the contention otherwise insisted upon.

It is next contended that the trial court erred in permitting, over the objection of counsel for the defendants, officers to testify as to admissions made by the appellant at the time he was taken into custody and that the admission of the testimony constitutes an invasion of the fundamental rights of the appellant. Counsel cites several Florida cases to sustain this contention and these cases have been examined. We hold that the contention is without merit. See Brown v. State, 135 Fla. 30, 184 So. 518.

The contention is made here that it was (a) the duty of the trial court to appoint counsel for the defendant to represent him at the trial; (b) that the defendant could not continually waive a jury and permit the facts of the case to be submitted to the trial court for a decision as was done in the court below. Our study of the record leads to the conclusion that these contentions were not submitted to the trial court but are raised here for the first time. An application to the trial court for the appointment of counsel was not made by the appellant and the record discloses that attorney Cannon advised with the appellant and upon his retirement attorney Muse continued as counsel and represented the defendant. A defendant charged with a criminal offense may waive his constitutional right to trial by jury and submit the testimony to the trial court. McCall v. State, 136 Fla. 343, 186 So. 667.

Affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.