PER CURIAM.
Appellee, the relator in a mandamus action in the circuit court, was granted a judgment for a peremptory writ requiring the City of Miami Beach to permit construction of a planned addition to its hotel. On an appeal to this court the judgment was affirmed. The facts of the case, and the questions raised and passed upon are set out in our opinion filed January 29, 1959.
After the city had filed its appeal in this court, the appellee moved for an order requiring the city to post a supersede-as bond, stressing the adverse effect which would be caused to the appellee by delay in proceeding with the construction which the trial court had authorized. The city’s appeal operated as a stay of the circuit court mandamus judgment without bond, under section 59.14, Fla.Stat., F.S.A. See City of Miami v. Lewis, Fla.App.1958, 104 So.2d 70. But under that statute the city could be required by the appellate court to post a supersedeas bond.[1]
On the motion for supersedeas it was brought out by the appellee that construction should proceed, not later than the latter part of February, to permit operation in the next winter season, and in order that appellee would be able to meet certain commitments which depended upon construction of the hotel addition. By an order dated December 16, 1958, this court denied the appellee’s motion for supersedeas bond, advanced the cause and set the argument for January 14, 1959.
The appellants filed a timely petition for rehearing, addressed to our opinion and judgment of January 29, 1959, and also filed a notice of intention to apply to the Supreme Court of Florida for a writ of cer-tiorari. We denied the petition for re* hearing on February 23, 1959.
Article 5, § 4(2) of the Florida Coa* stitution, 26 F.S.A., relating to petitions for writs of certiorari from district courts of appeal to the Supreme Court, provides:
“ * * * The supreme court may review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers, or that passes upon a question certified by the district court of appeal to be of great public interest, or that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law, * * * »
Florida Appellate Rule 4.5, subd. c(6), 31 F.S.A., provides that an authorized cer- *206 tiorari may be taken within 60 days after rendition of the decision to be reviewed. That rale, as it relates to certiorari to the Supreme Court to review decisions of district courts of appeal, includes the following:
“No such petition for certiorari will be considered or granted unless petitioner shall have filed petition for rehearing with the district court of appeal and prior to the denial of such petition shall have filed in the district court of appeal a notice of intention to petition the Supreme Court for writ of certio-rari, which notice of intention shall operate to stay the mandate of the district court of appeal until expiration of time for filing petition for certiorari or if such petition for certiorari be filed, until such time as the same is disposed of by the Supreme Court. Failure to file a petition for certiorari after the filing of- notice of intention hereunder or the filing of a frivolous petition for certiorari shall subject the petitioner to such penalties or damages as shall be fixed by the Supreme Court or district court of appeal. [Emphasis added]
“The petition for certiorari shall be filed in the Supreme Court within sixty (60) days from the denial of petition for rehearing by the district court of appeal and shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for issuance of the writ.
“Only so much of the record as shall be necessary to show jurisdiction in the Supreme Court and establish facts relied upon by the petitioner shall be attached to or filed with the petition.
“Copy of petition with certificate of filing the same in the Supreme Court shall be filed in the district court of appeal.”
On the present motion, appellee argues that this court has discretion to order immediate issuance of its mandate, and presents certain affidavits in support of the motion in an effort to show that the balance of convenience prevails in its favor. Also, appellee argues that this court should recognize a suggested likelihood that a certiorari petition, if one should be made pursuant to the notice of intention, would not qualify in the limited jurisdictional field created by the constitution.
There is no need, for the purposes of the present motion, for this court to determine the balance of convenience or to question the appropriateness of the intended petition for certiorari, because the rigid appellate rule of procedure, under which we operate in this instance, grants no discretion.
Appellee cited Williams v. Keyes, 135 Fla. 769, 186 So. 250, 266-269, where the Supreme Court of Florida dealt with a motion relating to a stay of its own decision, pending certiorari to the Supreme Court of the United States. See also State ex rel. Gibbs v. Couch, 139 Fla. 709, 190 So. 818, and Magnum Import Co. v. Coty, 1923, 262 U.S. 159, 43 S.Ct. 531, 67 L.Ed. 922. In dealing with that problem in those cases the courts were acting under a federal statute which permitted the stay to be granted or withheld within the sound judicial discretion of the court. See 28 U.S.C.A. § 2101(f).
The applicable Florida appellate rule which is quoted above, clearly states that the filing of such notice of intention to apply to the Florida Supreme Court for certiorari “shall operate to stay the mandate of the district court of appeal until expiration of time for filing petition for certiorari or if such petition for certiorari be filed, until such time as the same is disposed of by the Supreme Court.” Therefore, this court is left no recourse other than to deny the motion to vacate such stay of the mandate.
*207 The extended withholding of our mandate, as required in these circumstances by appellate rule 4.5, subd. c(6), has the collateral effect in this case of prolonging the stay or supersedeas of the circuit court judgment, which resulted under § 59.14, Fla.Stat., F.S.A., when the city filed the appeal to this court. In view of the added delay in the proceedings occasioned by the notice of intention to file certiorari, this court’s denial of the motion for immediate issuance of its mandate will be without prejudice to the appellee to renew its motion for an order requiring and fixing the amount and conditions of a supersedeas bond as provided for in § 59.14, Id.
The motion to vacate the stay of the mandate, which is in effect under Florida Appellate Rule 4.5, subd. c(6), and for immediate issuance of this court’s mandate, is denied.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.

. “ (1) When security not required. — When the state or any of its political subdivisions, or any officer, board, commission, or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal, the filing of the notice of appeal shall perfect the same and stay the execution or performance of the judgment, decree, or order appealed from, and no super-sedeas bond need be given unless expressly required by the appellate court.
“(2) Appellate court may require bond. —The appellate court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal.” § 59.14(1, 2), Fla.Stat., F.S.A.