JOHNSON, Judge.
Appellant was adjudged to be guilty of the offense of unlawful sale of marijuana cigarettes and has appealed from this judgment and sentence.
The record shows that appellant initially entered a plea of not guilty to the charge against him and at a hearing on November 16, 1966, appellant, who was represented by counsel, was allowed to change his initial plea of not guilty to that of guilty. On that date the court heard the testimony of the state’s witnesses. Sentencing was deferred until December 5, 1966. On that latter date appellant, who was represented by counsel,, sought to withdraw his plea of guilty and change his plea to not guilty. The reason offered by counsel for appellant was that the appellant had not had an opportunity to' get with the narcotics agents. The trial judge denied the motion to withdraw the plea of guilty.
It is within the discretion of the trial court to allow a defendant to, at any time before sentence, withdraw a plea of guilty, F.S. 909.13, F.S.A. The burden is cast upon the appellant to clearly show that the trial judge abused his discretion in not permitting the plea of guilty to be withdrawn. Fryer v. State, 102 So.2d 41 (Fla.App. 1st, 1958). Under the facts presented in the case at bar we are convinced that *590 there was no abuse of discretion in the decision of the trial judge in denying the motion to withdraw the plea of guilty. Appellant was permitted to change his plea once and when he requested that he again be allowed to change his plea he did not present any grounds that might have been sufficient to require that such motion be granted. When the discretion of the trial judge was questioned in Pope v. State, 56 Fla. 81, 47 So. 487 (Fla.1908) the court stated:
“ * * * when * * * a defendant deliberately pleads guilty to a criminal charge under circumstances that should reasonably have prompted him and his counsel to be prepared to meet the charge, and no motion is made for leave to withdraw the plea of guilty till after the state witnesses have been discharged, and there is no direct allegation or proof that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances that put the defendant at a disadvantage in protecting his rights, the discretion of the trial court is not shown to have been abused.”
Appellant also complains that the information was not properly verified. F.S. 906.04 (2) F.S.A. provides that no objection to the matter of verification of the information shall be made after the defendant moves to quash or pleads to the merits of the cause. There was no motion to quash made in this case nor did appellant object to any manner in the lower court to the verification of the information. The information is contained in the record on appeal and meets the requirements of F.S. 906.04 (1) F.S.A. Along these same lines we note that in Champlin v. State, 122 So.2d 412 (Fla.App.2d 1960) the court, observed that the absence or omission of the verification of an information is only a formal defect which may be waived and such absence does not render the information void.
Appellant also contends that he was deprived of his right to a jury trial. By freely and voluntarily entering a plea of guilty appellant waived his right to a trial by jury. McCall v. State, 136 Fla. 343, 186 So. 667 (Fla.1939).
No reversible error having been made to appear, the judgment appealed is hereby affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.