355 So.2d 1205 (1978)
James ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 45450.
Supreme Court of Florida.
March 2, 1978.
Rehearing Denied April 5, 1978.
*1206 Richard L. Jorandby, Public Defender, Kenneth J. Scherer, Chief Asst. Public Defender and Lois J. Frankel and Craig S. Barnard, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen. and Michael M. Corin and George R. Georgieff, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Subsequent to the decision of the Supreme Court of the United States, in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), this Court entered its order on May 6, 1977, establishing a procedure whereby the trial judge who imposed the death sentence was directed to file a response stating whether he imposed the sentence on the basis of consideration of any information not known to appellant. This order also provided that any application for relief pursuant to the United States Supreme Court's ruling in Gardner v. Florida, supra, should be filed with this Court within thirty (30) days after the trial judge had filed his response pursuant to this Court's directive.
On May 12, 1977, the trial court filed its response stating that in imposing the death sentence it "did not have any information whatsoever, either as listed herein or otherwise ... which [the court] used as a basis for consideration in imposing the death sentence which was not known to the appellant and/or his counsel of record."
In his application for relief, appellant argues that he has had no opportunity to deny or explain certain factual findings relied on by the trial judge in his sentencing order. The order, which set forth specific findings of fact on which the death sentence was imposed, states in part:
By his own admission the defendant was previously convicted of crimes on at least five occasions and the further undisputed evidence shows the defendant has a record involving crimes of violence... . [Emphasis supplied.]
Appellant contends that he has not been convicted on five previous occasions and that the evidence before the trial court did not show that he had been convicted of prior crimes involving violence but that he had only one previous conviction for rape in Tennessee in 1962.
The admission of five previous crimes to which the trial court referred in its sentencing order was appellant's response during cross-examination. In response to the state attorney's question regarding how many times he had been convicted of a crime, appellant stated: "Maybe five or more, I don't know, something like that." (R-926).
The Court finds this application for relief pursuant to Gardner v. Florida to be without merit. Appellant complains of nothing more than the use by the trial court of his testimony given at trial in sentencing the appellant. Appellant had ample opportunity to explain or refute his own testimony at trial.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and KARL, JJ., concur.
HATCHETT, J., dissents.