372 So.2d 938 (1979)
Robert A. SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 57027.
Supreme Court of Florida.
June 22, 1979.
Rehearing Denied July 24, 1979.
*939 Roy E. Black and Frank Furci, Miami, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Robert A. Sullivan appeals from the trial court's denial of his motion under Florida Rule of Criminal Procedure 3.850.
Sullivan seeks review of twelve issues that were alleged in his motion before the trial court. Eleven of these issues were raised or could have been raised in Sullivan's first appeal to this Court. Sullivan v. State, 303 So.2d 632 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976). These matters will not support a collateral attack. State v. Matera, 266 So.2d 661 (Fla. 1972); Spenkelink v. State, 350 So.2d 85 (Fla. 1977), cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977).
The remaining issue alleges ineffective assistance of counsel. After an evidentiary hearing, the trial court, in denying Sullivan's motion, said:
I have seen some frivolous motions come down the pike, but this has got to take the cake. On the ground of inadequacy of counsel, the motion to vacate is denied.
The transcript of the 3.850 hearing supports this conclusion of the trial court.
No substantial questions of law or fact are presented for our determination. The only issue properly before the Court is that of ineffective assistance of counsel, and the transcript of the hearing below together with the record in this cause reveals that it is also without merit.
This appellant was convicted and sentenced to death in November, 1973, and this Court affirmed that conviction on November 27, 1974. Sullivan v. State, 303 So.2d 632 (1974). This was the first case in which the death penalty had been imposed which this Court affirmed under the new death penalty statute. The United States Supreme Court denied certiorari on July 6, 1976, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220. In May of 1977, the Court on its own motion made inquiries to determine if there were any violations of the dictates of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393. We received no response from the appellant or his counsel and an order denying Gardner relief was entered in January, 1979. The appellant in March, 1977, filed a complaint attacking the executive clemency process. His requested relief was denied in the trial court, the Supreme Court of Florida, Sullivan v. Askew, 348 So.2d 312 (1977), and, finally in October, 1977, by the United States Supreme Court cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977). As this record reflects he obtained new counsel in the fall of 1978 and in March of 1979 commenced this post conviction relief action. It has been more than 4 1/2 years since the appellant's conviction and sentence during which time he has received consideration of multiple issues by the trial court on three occasions and by this Court on four occasions.
The order of the trial court denying Sullivan's 3.850 motion is affirmed, and Sullivan's motion for stay of execution is denied.
It is so ordered.
ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.
ENGLAND, C.J., and SUNDBERG and HATCHETT, JJ., dissent with an opinion.
*940 ENGLAND, Chief Justice, and SUNDBERG and HATCHETT, Justices, dissenting.
This is an appeal, taken pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(C), to review an order of the Dade County Circuit Court denying a motion for post-conviction relief filed by Robert Sullivan pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily and without evidentiary hearing denied all but one of the points raised by the motion filed on March 15, 1979.[1] Finding that the remaining point presented a prima facie basis for relief, the trial court held an evidentiary hearing on Sullivan's allegation that he had not received effective assistance of counsel in his original pre-trial and trial proceedings. At the conclusion of the hearing on this issue, the trial court denied all relief. The court subsequently entered a written order denying all relief. Contrary to the dictates of rule 3.850, however, the order did not contain findings of fact and conclusions of law.
On May 25, 1979, Sullivan filed a timely appeal in this Court. On June 19, before the record had been brought up or appellant's brief filed, the governor signed a warrant directing Sullivan's execution. Sullivan immediately filed a motion to stay his execution pending the determination of his appeal. We directed the state to respond to Sullivan's motion promptly, and we scheduled and conducted an expedited oral argument on that motion. The thrust of the state's position before us is that a stay should not be entered, and that on an expedited basis, the appeal should be considered and the order affirmed. Although the appellant has not been afforded the opportunity to present his case on the merits, the majority accedes to the state's position and decides the appeal today.
There is no basis to assert that Sullivan's request for post-conviction relief  the first that he has filed in the trial courts of Florida  was not presented in good faith. The fact that an evidentiary hearing was ordered and conducted, with the state's concurrence, lays to rest any suggestion that Sullivan's collateral attack on his original conviction and sentence was wholly without merit. Similarly, there is no basis to assert that his appeal as of right to this Court was brought solely for the purpose of delaying his execution.
*941 In the case at bar appellant has pending a timely filed appeal. Consequently this Court has authority to stay his execution.[2] When entertaining an application for a stay the factors to be considered for exercise of the Court's discretion are (i) the probability of irreparable injury if no stay is granted, (ii) the remediable quality of any such injury, and (iii) the likelihood of ultimate success on the merits. An application for stay in a capital case should be more liberally construed than one in a civil case.[3]
The record demonstrates that there are at least three colorably meritorious issues presented. First, the trial court failed to comply with the requirements of rule 3.850 in not making findings of fact and conclusions of law  a requirement which is calculated to make meaningful review possible. Second, the only evidence regarding the effectiveness of appellant's original counsel comes from the testimony of the state's only witness at the hearing. That witness, who represented appellant at trial and on appeal, testified that he had told appellant that his original counsel had afforded him ineffective assistance during pre-trial proceedings.[4]
Finally, a substantial question is presented as to whether the trial court abused its discretion by denying the appellant the opportunity to be present and to testify at the hearing on the 3.850 motion. State v. Reynolds, 238 So.2d 598 (Fla. 1970), holds that one in custody, even in another state, must be presented before the trial court to testify where there are questions of fact within his personal knowledge. Mr. Justice Adkins, speaking for a unanimous Supreme Court, said:
If, upon hearing, there are questions of fact within the personal knowledge of the prisoner to be resolved, then the prisoner should be given an opportunity to testify. As stated in Bryant v. State [Fla.App., 204 So.2d 9], supra:
"When there are questions of fact to be decided, it may be the better practice to receive evidentiary statements from a movant either by his being present in the court or by written interrogatories or by deposition taken before a commissioner at the penal institution wherein the movant is incarcerated."
238 So.2d at 600.
The issue before the trial court was whether Sullivan's original attorney, who handled pre-trial matters, had given effective assistance. Sullivan made specific allegations regarding that attorney's shortcomings, but the trial court refused to allow Sullivan to be present at the hearing to aid his attorney in cross-examination or to testify in his own behalf. This order was made notwithstanding the state's concession that the appellant should have been present at the evidentiary hearing.[5] In fact, although the issue revolved around transactions between Sullivan and his original attorney, neither testified and the only witness who did testify indicated that the original attorney had furnished ineffective assistance.
The majority holds, notwithstanding the condition of this record, that the issue on *942 effective assistance of counsel is without merit. We disagree.
None of the foregoing issues may compel a reversal of the trial court's order. For purposes of entry of a stay, however, there need only be a reasonable likelihood of success on the issues. We are convinced that such likelihood has been demonstrated. Furthermore, there can be little dispute that there is a high probability of irreparable injury which is irremediable if the stay is not granted.
Under these circumstances, we cannot join with the majority in reaching the conclusion that Sullivan's appeal has no legal merit. The judicial process has evolved over the centuries. It is calculated to be a deliberative process. Courts must have sufficient time to consider matters timely presented. Absent evidence that Sullivan has abused the judicial process, this Court should accord his appeal the same deliberative review to which all litigants are constitutionally entitled. In our opinion, a stay should be granted to permit the degree of orderly and thorough consideration that would otherwise have been afforded in this case had a death warrant not been signed at the time that it was.
NOTES
[1] The points rejected by the trial court without an evidentiary hearing were these:

(1) Witherspoon issues.
(2) Exclusion of jurors for cause who, while voicing objection to the death penalty, nevertheless would make a fair and impartial determination of guilt or innocence.
(3) The prosecutor's knowing, calculated, and intentional introduction of testimony that a critical State's witness, Reid McLaughlin, had taken a polygraph test before he was allowed to testify violated fourteenth amendment due process, and sixth and fourteenth amendment rights to confront and cross-examine witnesses.
(4) Defendant was denied his sixth amendment right to cross-examine Frank Barden, a State's witness.
(5) The defendant was denied his right of self-representation guaranteed by the sixth and fourteenth amendments to the United States Constitution and article 1, section 16 of the Florida Constitution.
(6) Defendant was denied due process of law due to improper prosecutorial argument at the penalty hearing.
(7) Defendant was sentenced to death arbitrarily, in violation of the eighth and fourteenth amendments to the Constitution of the United States and article I, sections 2, 9, and 17 of the Constitution of Florida.
(8) The trial judge's instructions to the sentencing jury improperly limited the mitigating circumstances which the jury could consider thereby rendering the sentencing procedure unreliable in violation of the eighth and fourteenth amendments to the Constitution of the United States and article I, sections 17 and 22 of the Constitution of the State of Florida.
(9) Defendant was denied due process of law because the penalty jury was instructed that defendant had the burden of proving any mitigating circumstances.
(10) A statement by defendant and physical evidence seized from his car were the products of unconstitutional actions by the police in violation of the fourth, fifth, sixth, and fourteenth amendments to the United States Constitution and article I, sections 9 and 12 of the Florida Constitution.
(11) The indictment charging first-degree murder was fatally defective in violation of the sixth and fourteenth amendments to the United States Constitution.
[2] § 922.06, Fla. Stat. (1977).
[3] McCall v. State, 136 Fla. 343, 186 So. 667 (1939).
[4] R-68.
[5] The following colloquy occurred at the evidentiary hearing:

THE COURT: I think I do not believe that it's necessary to return Mr. Sullivan for that purpose, because I think his statements contained in his motions are sufficient to set forth that of which he is complaining.
MR. BLACK: Well, I would disagree with the Court on that since I believe he has a right to be present and to assist counsel and also to testify, so I would disagree with the Court on that point.
THE COURT: The State's position on that point.
MR. LOEWY: Ira Loewy, Assistant State Attorney. We are apt to agree with defense counsel that if an evidentiary hearing would be warranted in light of his allegations  we are not conceding in any way any of these allegations are true  we do feel an evidentiary hearing would be appropriate and Mr. Sullivan would have to be present for the evidentiary hearing.
THE COURT: He would have to be?
MR. LOEWY: Yes, Your Honor.
R-3-4.