380 So.2d 423 (1980)
James ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 58576.
Supreme Court of Florida.
February 8, 1980.
*424 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Chief Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a denial of James Adams' motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. The appellant seeks a stay of execution pending a review of that proceeding by this Court.
This Court has afforded the appellant an opportunity to fully present the issues to this Court, including oral argument. For the reasons expressed, we affirm the trial court's denial of relief and deny the stay of execution.
This Court initially affirmed the appellant's conviction and sentence of death in Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977). Subsequent to this affirmance, this Court issued a Gardner order to the trial court, requiring the disclosure of any information used by the trial judge in sentencing which was not disclosed to appellant during the sentencing phase. The trial judge responded that no undisclosed information had been utilized in the sentencing. Appellant then petitioned for review in this Court, stating that the judge had relied upon erroneous information in sentencing, most particularly the statement by appellant himself that he had been convicted of crimes on five prior occasions. Appellant alleged that even though there had been no disclosure violation, the trial judge's reliance upon the inaccurate information violated due process standards as stated in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and thus entitled appellant to a new sentencing hearing. This application for relief was denied. Adams v. State, 355 So.2d 1205 (Fla. 1978), cert. denied, 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978).
In the instant petition, appellant first contends that (a) there was inflammatory testimony presented by the state, and argument propounded by the prosecutor, which were prejudicial, (b) the sentencing judge relied upon the fact that the appellant had been convicted five times, and (c) the sentencing judge in an unrecorded conversation prohibited nonstatutory mitigating circumstances from being presented to the jury. We find these contentions to be without merit.
The asserted issues concerning prejudicial argument and testimony could have been raised in the first appeal to this Court, and these matters thus will not support a collateral attack. Spenkelink v. State, 350 So.2d 85 (Fla. 1977), cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977); Sullivan v. State, 372 So.2d 938 (Fla. 1979). The issue concerning the reliance by the trial judge upon the five previous convictions testified to by the appellant was disposed of in Adams v. State, 355 So.2d 1205 (Fla. 1978), cert. denied, 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978).
Finally, we reject the claim that the sentencing process must be voided because of a tenuous recollection of assistant defense counsel of an unrecorded conversation with the trial judge, particularly when there was no proffer of specific nonstatutory mitigating circumstances at the original trial. We note that assistant defense counsel initially was not even certain that the conversation took place during this appellant's trial.
In his second point, appellant maintains that he was denied effective assistance of counsel in the sentencing phase of his trial because his counsel failed to properly investigate his prior convictions and failed to present testimony concerning his family life and church involvement. The record contains testimony of appellant's wife, his girl friend, and the appellant himself during the guilt and innocence phase which could have been used to seriously *425 impeach any such contentions concerning appellant's character. The appellant testified of his playing cards and drinking for four days, including the Sunday prior to the murder. As previously stated, the appellant personally testified that he had a record of five convictions.
State and federal courts are engaged in an evolving process of determining what measure of competence shall be demanded of attorneys in criminal cases. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The Fifth Circuit Court of Appeals requires that counsel provide "reasonably effective assistance." United States v. Fessell, 531 F.2d 1275, 1278 (5th Cir.1976). The Eighth Circuit requires "customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." United States v. Easter, 539 F.2d 663, 666 (8th Cir.1976). The Third Circuit demands "the exercise of the customary skill and knowledge which normally prevails at the time and place." Moore v. United States, 432 F.2d 730, 736 (3rd Cir.1970). The various measures to determine ineffective assistance of counsel are discussed extensively in Tague, The Attempt to Improve Criminal Defense Representation, 15 Am.Crim.L.Rev. 109, and in Davis v. Alabama, 596 F.2d 1214 (5th Cir.1979). We find that by even the most demanding standard, the appellant has not demonstrated on the record made in the trial court that there was ineffective assistance of counsel.
Further, in this proceeding the appellant has offered only conclusory statements by an assistant defense counsel as either potential mitigating evidence or as evidence which would ameliorate the factors proved in aggravation. This attorney admits he was brought into the cause only as co-counsel in a support capacity and he was not even present during the entire guilt-innocence phase of the trial. Appellant has proffered no specific evidence which he claims should have been presented in mitigation. Irrespective of his lack of any specific proffer, it is our view that the mitigating and ameliorating evidence suggested in appellant's allegations would not have affected the sentence, and was, in fact, already negated to a large extent by the appellant's own testimony during the guilt-innocence portion of the trial.
In his final point, the appellant argues that he was improperly denied an opportunity for a hearing on the issue of whether the death penalty is arbitrarily and discriminatorily applied in St. Lucie County, as evidenced by the four death sentences imposed in that county during the period 1973-1977. We find the mere fact that there were four death sentences imposed during the four-year period in St. Lucie County, together with the conclusions drawn therefrom, does not constitute a sufficient preliminary factual basis to establish that the death penalty was imposed in an arbitrary, capricious, and irrational manner.
The order of the trial judge is affirmed, and the motion for stay of execution of sentence is denied.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.