449 So.2d 819 (1984)
James ADAMS, Appellant,
v.
STATE of Florida, Appellee.
James ADAMS, Petitioner,
v.
Louie L. WAINWRIGHT, etc., Respondent.
Nos. 65225, 65226.
Supreme Court of Florida.
May 2, 1984.
*820 Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender, Richard H. Burr, III, West Palm Beach, of Counsel and Michael A. Mello, Asst. Public Defender of the Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen. and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
James Adams appeals the trial court's denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, petitions this Court for writ of habeas corpus, and seeks a stay of execution. We deny all relief.
There have been five appellate proceedings concerning Adams' conviction for first-degree murder and his sentence of death. In Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977), this Court, in Adams' direct appeal, affirmed both the conviction and the imposition of the death penalty. In Adams v. State, 355 So.2d 1205 (Fla.), cert. denied, 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978), this Court rejected Adams' Gardner challenge to his sentence. See Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). In Adams v. State, 380 So.2d 421 (Fla. 1980), this Court resolved a dispute concerning the appointment of counsel for Adams' post-conviction relief motion. In Adams v. State, 380 So.2d 423 (Fla. 1980), this Court affirmed the trial court's denial of post-conviction relief. In addition, in Adams v. Wainwright, 709 F.2d 1443 (11th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984), the Eleventh Circuit Court of Appeals affirmed the denial of Adams' petition for writ of habeas corpus by the United States District Court for the Southern District of Florida.
In his petition for rule 3.850 relief, Adams asserts that his death sentence should be vacated on two grounds: (1) the death sentence was imposed in substantial reliance upon an unconstitutional prior conviction in Tennessee and (2) the death penalty is imposed in Florida in an arbitrary and discriminatory manner on the basis of improper factors.
With regard to the first issue, Adams asserts that the trial court and this Court improperly used as an aggravating circumstance his 1962 conviction for rape in the state of Tennessee. That conviction has never been set aside or vacated. To accept Adams' argument this Court would first have to declare the Tennessee conviction unconstitutional. Even assuming the improper use of the prior conviction as an aggravating circumstance, there are at least two other valid statutory aggravating circumstances established in this record and no mitigating circumstances. Consequently, the death sentence is still supported by this record. See Francois v. State, 407 So.2d 885 (Fla. 1981), cert. denied, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982); Hargrave v. State, 366 So.2d 1 (Fla. 1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979); Elledge v. State, 346 So.2d 998 (Fla. 1977). More important, however, is the fact that this issue could have been raised in the first appeal to this Court and, consequently, it will not now support a collateral attack. Adams v. State, 380 So.2d 423 (Fla. 1980); Sullivan v. State, 372 So.2d 938 (Fla. 1979); Spenkelink v. State, 350 So.2d 85 (Fla.), cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977).
We also reject Adams' second ground for relief that the Florida death *821 penalty is imposed in an arbitrary and discriminatory manner. This same issue has been raised and disposed of by this Court in Sullivan v. State, 441 So.2d 609 (Fla. 1983). See also Sullivan v. Wainwright, 721 F.2d 316 (11th Cir.1983).
In his petition for writ of habeas corpus, Adams requests that this Court revisit our decision in Aldridge v. Wainwright, 433 So.2d 988 (Fla. 1983), where we upheld the constitutionality of the direction in our standard jury instructions that the trial judge instruct the jury on all lesser degrees of homicide in a capital case. We decline to revisit this issue, particularly in this cause where Adams, on his initial appeal, questioned only the wording of the second-degree murder definition in the instructions and did not otherwise object at trial to the giving of the lesser-degree instructions. We find the allegations in support of habeas corpus relief to be without merit.
Accordingly, the order of the trial court denying Adams' motion for post-conviction relief is affirmed and the petition for habeas corpus is denied, as is the motion for stay of execution. No motion for rehearing will be entertained.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.