482 So.2d 530 (1986)
Carl Elbert MOSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BD-162.
District Court of Appeal of Florida, First District.
January 31, 1986.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
The defendant was charged and convicted of two counts of second degree murder, one count of attempted second degree murder and one count of use of a firearm during the commission of a felony.
On appeal, the public defender asserts that the trial court reversibly erred by reason of its failure to charge the jury on lesser included offenses. Curiously, however, it was because of the specific request of both public defenders, who were representing the defendant at trial, that the trial court did not instruct on lesser offenses. The following occurred during the jury instruction conference in chambers:
THE COURT: I want to discuss the lesser-includeds that you want.
MR. DURRANCE [Defense Counsel]: We don't want to ask for any.
THE COURT: Defense has a request to go straight up?
MR. DURRANCE: We covered that with Mr. Mosley and that's his decision is to go straight up as charged or nothing.
THE COURT: All right, sir. I had asked the state last trial week to put something on their computer but  well, can you just take these off?
MR. THIES [Prosecutor]: It's on our word processor.
THE COURT: Can you delete those?

*531 MRS. PEEK [Prosecutor]: We're just deciding if we want to.
THE COURT: I don't think you have that choice.
MR. McGUINNESS [Defense Counsel]: The rules, as I understand it now, say if there isn't evidence to support lessers, they shouldn't be given. If it isn't self-defense, it's second degree in this case.
THE COURT: Hold on a minute.
MR. THIES: If we might go on the record 
THE COURT: What do you think she's been taking down?
MR. THIES: Your Honor, we are just saying 
MRS. PEEK: You want it to read guilty in the second degree with a firearm and not guilty?
THE COURT: That's what they have requested. They want guilty of the offense charged and not guilty as to each count.
MRS. PEEK: I'll have it typed up and back by the time we need it.
MR. THIES: On all four counts? Can we have [Mr. Durrance] review it before we do that?
THE COURT: Mr. Durrance, as I understand your request of the court, that is to submit a verdict form and charge the jury only as to the offense charged in each count of the information the state's filed and not guilty on the verdict form?
MR. DURRANCE: That's correct.
THE COURT: You specifically request no lesser-includeds.
MR. DURRANCE: No request. I waive lesser-includeds, if you want us to do that, subject to one thing: subject to any possible court ruling on the motion for JOA.
THE COURT: I understand that. Assuming it goes to the jury, that's the way it will go then.
MR. DURRANCE: Looks fine to me.
Appellant relies upon Harris v. State, 438 So.2d 787 (Fla. 1983), a capital case in which the Supreme Court addressed Harris' contention that the trial court erred in failing to instruct the jury on necessarily lesser included offenses. In discussing the right to such jury instructions and the waiver thereof, the Court said:
Our decisions holding that a defendant is entitled to have the jury instructed on all necessarily included lesser offenses are consistent with the holdings of the federal courts. For instance, in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the United States Supreme Court held that a state cannot prohibit the giving of lesser-included-offense instructions in a death case without violating the United States Constitution. This procedural right to have instructions on necessarily included lesser offenses given to the jury does not mean, however, that a defendant may not waive his right just as he may expressly waive his right to a jury trial. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); Davis v. State, 159 Fla. 838, 32 So.2d 827 (1947); Fla.R.Crim.P. 3.260. But, for an effective waiver, there must be more than just a request from counsel that these instructions not be given. We conclude that there must be an express waiver of the right to these instructions by the defendant, and the record must reflect that it was knowingly and intelligently made. (emphasis in original).
Id. at pp. 796, 797. The Supreme Court held that the record showed an express waiver by Harris as a result of a colloquy between the trial judge and Harris regarding his purported waiver of the instructions. There was no such colloquy between the trial court and the defendant in the instant case. However, Harris was a capital case and we construe the Court's opinion as intending to confer the special protections surrounding the waiver of lesser offenses to defendants in capital cases only. Such construction of the Harris case has been embraced by our sister courts in Jones v. State, 459 So.2d 475 (Fla. 5th DCA 1984) and Redden v. State, 479 So.2d 236 (Fla. 4th DCA 1985).
It is only because the Supreme Court of Florida has adopted the phenomenon of the *532 "jury pardon" as part of the jurisprudence of our State[1] that a defendant can be heard to complain about the failure to instruct on lesser offenses notwithstanding the fact that he has been properly proved and found guilty of the offense charged. We do not believe that the Supreme Court intended in Harris that its holding adopting the above-referred stringent waiver requirements be extended to non-capital cases, particularly when defense counsel, as here, specifically requests, on behalf of his client, that the trial judge not instruct on any offense except that with which the defendant is charged. Such an extension of Harris would, we feel, be exalting the notion of jury pardons to a level beyond justification and reason. Further growth of the jury's pardon power should not be encouraged because it conflicts with the jury's basic duty to decide the case in accordance with the law and the evidence and to disregard the consequences of its verdict. See Bufford v. State, 473 So.2d 795 (Fla. 5th DCA 1985); Gilford v. State, 313 So.2d 729 (Fla. 1975). This basic duty of the jury is carefully drawn and circumscribed throughout the standard criminal jury instructions.[2]
*533 Undoubtedly, it was this idea of preserving the integrity of the jury's proper role which recently led the Supreme Court to amend Fla.R.Crim.P. 3.390(a) by specifically prohibiting the trial judge from instructing the jury on penalties except in capital cases. See The Florida Bar Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984).[3]
As did our sister courts in Jones and Redden, we certify to the Florida Supreme Court, as a question of great public importance, the same question articulated in Jones:

Harris v. State, 438 So.2d 787 (Fla. 1983), recognizes a constitutional right of an accused in a capital case to have the jury instructed as to necessarily lesser included offenses and that the violation of that right constitutes fundamental error, a waiver of which, to be effective, must be made on the record knowingly and intelligently by the accused personally rather than by counsel. Do those charged with non-capital crimes enjoy this constitutional right as well as those charged with capital crimes?
459 So.2d at 476.
We have considered the other issues raised by the appellant and find them to be without merit.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Prior to State v. Terry, 336 So.2d 65] (Fla. 1976), there may have been some question as to the status of the concept of jury pardons in Florida. However, there now seems to be no question but that Florida criminal defendants enjoy certain rights which are expressly predicated upon a pardon power of the jury. Id. at 69. State v. Baker, 456 So.2d 419, 421 (Fla. 1984); Lightfoot v. State, 331 So.2d 388, 389 (Fla. 2nd DCA 1976); State v. Thomas, 362 So.2d 1348 (Fla. 1978); Lomax v. State, 345 So.2d 719, 721 (Fla. 1977).
[2] The following are relevant excerpts from the Florida Standard Jury Instructions in Criminal Cases, 1981 Edition:

1.01 PRETRIAL INSTRUCTIONS
* * * * * *
It is your solemn responsibility to determine if the State has proved its accusation beyond a reasonable doubt against (defendant). Your verdict must be based solely on the evidence, or lack of evidence, and the law.
* * * * * *
It is the judge's responsibility to decide which laws apply to this case and to explain those laws to you. It is your responsibility to decide what the facts of this case may be, and to apply the law to those facts. Thus, the province of the jury and the province of the court are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.
2.02(a) WHEN THERE ARE LESSER INCLUDED CRIMES OR ATTEMPTS
* * * * * *
[I]f you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime.
2.03 PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF
* * * * * *
It is to the evidence introduced upon this trial, and to it alone, that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of evidence.
2.05 RULES FOR DELIBERATION.
These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful verdict:
1. You must follow the law as it is set out in these instructions. If you fail to follow the law, your verdict will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.
2. This case must be decided only upon the evidence that you have heard from the answers of the witnesses [and have seen in the form of the exhibits in evidence] and these instructions.
3. This case must not be decided for or against anyone because you feel sorry for anyone, or are angry at anyone.
* * * * * *
4. Your duty is to determine if the defendant is guilty or not guilty, in accord with the law. It is the judge's job to determine what a proper sentence would be if the defendant is guilty.
* * * * * *
8. Feelings of prejudice, bias or sympathy are not legally reasonable doubts and they should not be discussed by any of you in any way. Your verdict must be based on your views of the evidence, and on the law contained in these instructions.
2.06 MAXIMUM AND MINIMUM PENALTIES
* * * * * *
The possible results of this case are to be disregarded as you discuss your verdict. Your duty is to discuss only the question of whether the State has proved the guilt of the defendant in accordance with these instructions.[*]
[*] Since the amendment (effective January 1, 1985) of Fla.R.Crim.P. 3.390(a), the trial court no longer instructs the jury on penalties. Presumably, however, the above-quoted excerpt from 2.06 would still be applicable.
[3] Apparently, the impetus for the Supreme Court's amendment of Rule 3.390(a) came from recommendations of both the Florida Conference of Circuit Judges and The Florida Bar's Criminal Procedure Rules Committee. This is gleaned from Justice Alderman's dissenting opinion in The Florida Bar, In Re Amendment to Rules of Criminal Procedure  3.390(a), 416 So.2d 1126 (Fla. 1982). There, a majority of the Supreme Court declined to treat the proposed amendment as an emergency outside the regular four-year cycle pursuant to Rule 2.130(a), Florida Rules of Judicial Administration. Justice Alderman's dissenting opinion reveals that the amendment proposed by the Rules Committee (by a 17 to 3 vote) and the Conference of Circuit Judges was the same as that which was later adopted in 1984 by the Supreme Court during the regular four-year cycle as reflected in 462 So.2d at 388. Justice Alderman's opinion is further revealing in that it sets forth, at least in part, the rationale advanced for the proposed amendment:

The resolution of the Executive Council of the Conference of Circuit Judges states cogent reasons for eliminating this portion of Rule 3.390(a). It explains that the penalty is irrelevant to the jury's sole responsibility of determining a defendant's guilt or innocence, that the jury cannot be privy to the myriad factors which must be considered in sentencing, and that the court's advising the jury of the possible penalty is wholly inconsistent with the jury's responsibility to disregard the consequences of its verdict and tends to encourage a deplorable phenomenon which has come to be referred to as a "jury pardon."
416 So.2d at 1126.