PER CURIAM.
The state seeks certiorari review of an order of the circuit court granting Henry Thorup’s request for a nonjury trial. We grant the petition and hold that a defendant cannot waive a trial by jury without the consent of the state.
Thorup successfully argued to the circuit court that Article I, section 16(a) of the Florida Constitution,[1] (the “ ‘upon demand’ language”), gives the accused a right to determine whether he is to be tried by judge or jury. While the provisions of Florida Rule of Criminal Procedure 3.260 require the consent of the state to the waiver of a jury trial by the defendant, Thorup asserts that this rule is triggered only after a jury trial has been demanded by a defendant.[2]
In examining the “upon demand” language relied upon by Thorup, it is clear that those restrictive words only relate to that portion of the article referring to the accused’s rights to “be informed of the nature and cause of the accusation” and to “be furnished a copy of the charges.” The “upon demand” language does not control the remainder of the subsection which includes the statement that the accused “shall have a right to” a speedy and public jury trial.
Rules relating to waiver of a jury trial are procedural rather than substantive in nature, and the supreme court has established the procedural rule governing this waiver without abrogating or modifying the substantive right to a trial by jury. State v. Garcia, 229 So.2d 236 (Fla.1969). Florida Rule of Criminal Procedure 3.260 is the prescribed method for such waiver and specifies that a defendant may waive trial by jury “with the consent of the State.” See State ex rel. Gerstein v. Baker, 339 So.2d 271 (Fla. 3d DCA 1976); Sessums v. State, 404 So.2d 1074 (Fla. 3d DCA 1981).
*1118 The standard of review for a petition for writ of certiorari is whether the trial court departed from the essential requirements of law and causes material injury to the petitioner that is irreparable on appeal. Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967); State v. Wells, 538 So.2d 1292 (Fla. 2d DCA 1989). The circuit court departed from the essential requirements of law when it ordered that a nonjury trial be conducted in this matter without the consent of the state. The state faced irreparable harm not remediable on appeal since double jeopardy would bar retrial if Thorup were to be acquitted. State v. Pettis, 520 So.2d 250 (Fla.1988). We, therefore, grant the petition for writ of certiorari, quash the circuit court’s order, and remand this matter for further proceedings in accordance with this opinion.
THREADGILL, C.J., and BLUE and WHATLEY, JJ., concur.

. Article I, Section 16 of the Florida Constitution, in pertinent part, states:
"Rights of accused and of victims.—
(a) In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation against him, and shall be furnished a copy of the charges, and shall have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed.”

. We note that the cases cited by Thorup in support of his arguments are not on point as they do not discuss waiver of a jury trial without the state's consent. See Davis v. State, 159 Fla. 838, 32 So.2d 827 (1947) (a defendant may waive his right to a jury trial); Tucker v. State, 559 So.2d 218 (Fla.1990) (a valid waiver of a jury trial may be oral, but the better practice is to also have it in writing as required by Fla.R.Crim.P. 3.260).