344 So.2d 911 (1977)
Joann SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-450.
District Court of Appeal of Florida, Third District.
April 5, 1977.
Rehearing Denied May 9, 1977.
Arthur E. Huttoe, Miami, for appellant.
*912 Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Chief Judge.
The appellant was charged by information with second degree murder. She entered a plea of not guilty and moved to suppress statements made by her to investigating officers. The motion to suppress was denied and a jury trial was had which resulted in a conviction of manslaughter and a sentence of fifteen years in the State Penitentiary.
The incident out of which the charge arose was the death of appellant's husband from a gunshot wound which was inflicted when they were in their bedroom "horsing around."
Appellant's principal point on appeal is that the trial court erred in denying appellant's motion to suppress statements made by her to the police officers.
Appellant contends that her statements should have been suppressed because they were taken in violation of her rights under the Fifth and Sixth Amendments to the United States Constitution. We agree and reverse for a new trial.
It appears from the record that two police officers arrived soon after the incident. Upon learning that appellant was involved, one of the officers advised appellant of her "Miranda" rights. At trial the officer testified that appellant "seemed bewildered, just like she did not want to talk at all." The other officer present agreed that appellant was bewildered "to an extent."
Later another officer arrived at the scene. After a conversation with appellant, the officer persuaded appellant to go to the police station and make a statement in furtherance of the investigation, which, according to the officer, was routine procedure. At the police station, the officer left appellant with other officers in the homicide department and departed. Appellant was thereupon shown a "rights form," which she executed.
Thereafter, the officer returned and, based upon the prior conversation he had with appellant, placed her under arrest. The officer then proceeded to take a formal statement from appellant, testifying in court that he advised appellant of her constitutional rights. The officer also testified in court that he told appellant at that time that she didn't need an attorney.
A review of the statement shows that appellant was asked if she wanted an attorney present during the questioning whereupon she replied, "Maybe I had better ask my mother if I should get one." Appellant was, however, never given the opportunity to call her mother concerning the attorney. The statement was admitted in evidence after the trial court had denied appellant's motion to suppress.
A waiver of a constitutional right, such as the right to counsel, is never presumed on the basis of the failure of an accused to specifically ask for an attorney and the burden rests with the prosecution to show that any waiver by an accused was made both knowingly and intelligently. United States v. Montos, 421 F.2d 215 (5th Cir.1970); Sullins v. United States, 389 F.2d 985 (10th Cir.1968).
Here, at best, the record reveals both confusion and indecision on the part of appellant. When appellant had originally waived her right to counsel, she had not as yet been charged with the crime and believed the purpose of her conversation with the police was purely investigatory. Upon solicitation of her statement by the officer, appellant realized she was then under arrest and sought advice from her mother concerning the presence of an attorney. She was never given the opportunity to place the telephone call, as questioning continued.
In light of the above, we are of the view that at the point appellant asked to speak with her mother, the questioning should have ceased and appellant should have been *913 given the opportunity to phone. See Sample v. Eyman, 469 F.2d 819 (9th Cir.1972).
In conclusion, we are unconvinced that upon realizing she was under arrest, appellant knowingly and intelligently waived her right to counsel and as such, the statements elicited from appellant by the police and subsequently introduced into evidence should have been suppressed. Appellant's conviction is therefore reversed and the cause is remanded for a new trial.
Reversed and remanded.