PER CURIAM.
George Robinson appeals his convictions on two counts of robbery.
The first contention raised by defendant concerns the introduction into evidence, over his objection, of testimony of several *1101 prosecution witnesses pertaining to their identification of him in a preindictment police lineup and their subsequent in-court identification. Defendant argues that this identification testimony was inadmissible because his counsel was not present at the police lineup and as authority cites to U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).
We find Wade and Gilbert to be inapplicable. These cases are applicable to out-of-court identification situations after a defendant has been indicted or criminal proceedings have been initiated. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The record in the instant case reflects that defendant participated in the police lineup prior to being informed against. See Kirby, supra; Perkins v. State, 228 So.2d 382 (Fla.1969); Robinson v. State, 237 So.2d 268 (Fla. 4th DCA 1970).
Defendant secondly contends that the court erred in admitting into evidence his confession given to a police officer after his arrest, but prior to the filing of an information because his counsel was not present. Defendant relies upon Massiah v. U. S., 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).
We find the reliance upon Massiah misplaced because Massiah applies only to a defendant who has been indicted or informed against. Cf. U. S. v. Anderson, 523 F.2d 1192, 1195 (5th Cir. 1975). Moreover, defendant does not allege that his confession was coerced and the officer to whom he confessed testified that defendant was read his Miranda rights and did not request an attorney. Under the circumstances, we conclude that the confession was admissible. Cf. U. S. v. De Loy, 421 F.2d 900 (5th Cir. 1970).
Affirmed.