378 So.2d 1346 (1980)
George ROBINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-130.
District Court of Appeal of Florida, Third District.
January 22, 1980.
*1347 Vogler & Postman and Alan L. Postman, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and SCHWARTZ and NESBITT, JJ.
PER CURIAM.
George Robinson, the defendant, appeals an order denying his motion to vacate judgment and sentence following an evidentiary hearing.
Robinson was charged with five counts of robbery, five counts of aggravated assault and unlawful possession of a firearm while engaged in a criminal offense. An assistant public defender was appointed to represent him. On the day of his trial the State entered a nolle prosequi as to all five counts of aggravated assault and a jury trial was held on the remaining charges. At the conclusion of the trial, the jury found Robinson guilty of two counts of robbery and not guilty on the other charges. Judgment and sentence were then entered. Robinson perfected a plenary appeal and his conviction was affirmed.[1] Thereafter, he filed the subject motion to vacate judgment and sentence (pursuant to Fla.R.Crim.P. 3.850) on the ground that he had been denied effective assistance of counsel. In essence Robinson argues that he was not informed about any aspect of the trial strategy and defense counsel never discussed with him whether or not he should testify in his own defense. After an evidentiary hearing the trial judge recited his extensive findings and then entered an order denying the motion to vacate. Robinson appeals the denial order. We affirm.
To prevail on a motion to vacate judgment and sentence on the ground of ineffective assistance of counsel, a defendant must demonstrate that his trial was a mockery or a farce. Simpson v. State, 164 So.2d 224 (Fla. 3d DCA 1964); Quesada v. State, 321 So.2d 442 (Fla. 3d DCA 1975). Further, mishandling of a trial with regard to matters falling within the judgment or strategy of counsel does not constitute ineffective assistance of counsel. Solloa v. State, 227 So.2d 217 (Fla. 3d DCA 1969). After a perusal of the record we cannot conclude that Robinson's trial was a mockery or a farce. He was acquitted of four of the six charges for which he was tried. Robinson attempted to mastermind his own defense and in fact his theory of the case[2] in addition to all other pertinent issues was *1348 submitted to the jury. The evidence was overwhelming with regard to the charges upon which he was found guilty. We find the representation of Robinson to have been adequate and the order denying the motion to vacate is affirmed.
Affirmed.
NOTES
[1] See Robinson v. State, 351 So.2d 1100 (Fla. 3d DCA 1977).
[2] That he was ripped off in that he gave $100 to one of the victims for drugs but did not receive any. He came back the next day and threatened this victim at gunpoint to return the money or to provide the drugs.