PER CURIAM.
Defendant, Guido Carillo, appeals the summary denial of his motion for post conviction relief under Fla.R.Crim.P. 3.850.
Carillo was indicted for conspiracy to commit murder. He filed various discovery motions including a demand for “Brady" material specifically requesting any written or recorded statements, police investigative reports or any other information or material which would tend to establish his innocence or to impeach or contradict testimony of any witness whom the State would call at the trial. The prosecution filed a response which alleged that the State was unaware of any Brady material. The cause proceeded to trial at which William Salon was the sole witness to offer any evidence against Carillo concerning his participation in the conspiracy. Carillo was found guilty and sentenced to eight years imprisonment. Subsequently, Carillo filed the instant motion to vacate judgment and sentence on the ground of newly discovered evidence. He alleged that subsequent to the trial (and appeal), he had learned that the State had withheld “Brady” evidence. Specifically, he discovered for the first time that the State had administered to Salon a polygraph examination which he allegedly failed according to the examiner’s potes and report. The motion to vacate was denied without an evidentiary hearing by the same judge who presided over the trial. This appeal from the summary denial ensued. We affirm.
With regard to the ground of newly discovered evidence, a new trial will not be granted unless such evidence is discovered after the former trial. See Thomas v. State, 374 So.2d 508, 515 (Fla.1979). Similarly, if the matter forming the basis of a motion to vacate was known to the defendant at the time of trial, it will not support a collateral attack on the judgment of conviction. State- v. Matera, 266 So.2d 661, 666 (Fla.1972). An examination of the record reflects that defense counsel for Carillo was apprised of the polygraph test administered to Salon during cross-examination of Detective Alonso at the trial. Nevertheless, defense counsel made no further inquiry during the trial regarding this matter.
As concerns the argument that the State failed to comply with defense counsel’s demand for discovery pursuant to Fla. R.Crim.P. 3.220, the law is well established that since noncompliance with Rule 3.220 does not require automatic reversal, the burden is upon the defendant to raise a timely objection and thereby allow the trial court to make inquiry into all of the surrounding circumstances and then specifically rule on the issue. Lucas v. State, 376 So.2d 1149 (Fla.1979). Again, the record fails to demonstrate any objection or demand for inquiry on the part of defense counsel upon learning of the polygraph examination.
Finally, we believe that the alleged materiality of Salon’s remark that he was at the scene of the homicide is totally irrelevant with respect to Carillo’s having conspired to kill the victim several months earlier and, therefore, not “Brady" material.
For the reasons stated, the summary denial of the motion to vacate is affirmed.
Affirmed.