ANSTEAD, Judge,
specially concurring:
I am in agreement with the majority’s holding that the trial court did not err in denying appellant’s motion for post-convic *24 tion relief which was predicated on a claim of ineffective assistance of counsel. In my view the trial court’s thorough analysis and detailed conclusions are fully supported by the record, and, in an area of the law somewhat lacking in clear guidelines, worth setting out here:
The motion and the files and records, referred to hereinabove and made a part hereof by reference, conclusively show that the defendant prisoner is entitled to no relief, on the following findings based thereon:
1. Defendant’s conviction herein is presumed to be valid and errorless.
2. Assuming all the factual allegations of paragraph 6(a) through (c) of defendant’s motion to be true, defendant has failed in his burden to establish a prima facie showing of ineffective assistance of retained counsel, under the Sixth Amendment, that is to say, that his retained counsel failed to render reasonably effective assistance of counsel (whether retained or appointed) to his prejudice as required in Meeks v. State, 382 So.2d 673 (Fla.1980).
3. In the alternative, even if a prima facie showing of failure to render reasonably effective assistance of counsel has been made, such ineffective assistance was known to defendant at time of trial, knowingly and voluntarily concurred in by him, and cannot support this collateral attack. Carillo v. State, 382 So.2d 429 (3 DCA 1980) and Burau v. State, 353 So.2d 1183 (3 DCA 1978). Defendant could have raised his complaints before and during trial, thereby preserving his complaint for his direct appeal. Martin v. State, supra. Even though his complaint of ineffective assistance of counsel is of constitutional dimension, he has knowingly waived the error, Harvey v. State, 383 So.2d 770 (3 DCA 1980), consenting thereto.
4. The motion does not allege, nor do the aforementioned files and records show, any actual prejudice to the defendant (apart from the conviction and sentence); that is to say, absent defense counsel’s alleged errors of commission and/or omission, a different result would have been reached by the jury. Harvey v. State, supra. The evidence of guilt was overwhelming. The defendant was caught in the act of burglary and was positively identified by the two eyewitnesses at trial. It is pure conjecture to assume that had they been deposed pretrial defendant might have somehow benefited. See Mauldin v. State, 382 So.2d 844 (1 DCA 1980) and Martin v. State, supra. At the risk of being trite, what this defendant needed in this case was a lawyer who was also a hypnotist — someone capable of placing the jury in a trance so as to make the evidence disappear.
5. Defense counsel’s decision not to engage in pre-trial discovery is a matter of trial tactic and strategy, consistent with his interest in eliminating unnecessary expense to the defendant. It is also consistent with defendant’s obvious confession of guilt to his counsel who was retained to plead defendant guilty for a concurrent sentence, and failing that, to “preach his funeral”. The same is true of counsel’s failure to make opening statements and to cross-examine witnesses. Many lawyers waive opening so as not to disclose their defense, if any, and trial strategy. Likewise, many lawyers do not cross-examine unless there is some favorable point they wish to bring out to the jury, not disclosed on direct. Although defense counsel announced he would stand mute, he did not do so. He cross-examined the two police officers on proffers and objected to introduction of the physical evidence. He gave closing arguments and participated in the charge conference, asking for all the lesser included offenses, successfully obtaining a lesser verdict under count two. Judgment matters on trial strategy and tactics cannot form the basis for post-conviction relief. Robinson v. State, 378 So.2d 1346 (3 DCA 1980).
6. Even assuming reasonably ineffective assistance of counsel under the Sixth Amendment, the motion does not allege, *25 and it cannot be shown at an evidentiary hearing herein, any State involvement therein by the Court, prosecutor or other official who could have corrected it. Fitzgerald, supra, page 1338.
7. In the alternative, even assuming ineffective assistance of counsel herein, the error is harmless beyond a reasonable doubt. The motion does not allege that defendant could prove at an evidentiary hearing that pre-trial discovery and investigation could produce exculpatory or favorable evidence either as to guilt or penalty.