PER CURIAM.
David Leroy Washington appeals from a trial court order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant requested but was denied an evidentiary hearing on his motion, and his request to stay execution pending a final disposition was also denied. Having reviewed the record, we are unable to find merit in any of appellant’s arguments which assail his sentence, and therefore affirm the trial court’s denial of relief under rule 3.850.
Washington was convicted of first-degree murder and received on December 15, 1976, three separate death sentences from the trial judge after he entered pleas of guilty and expressly waived a sentencing jury. The judgments of conviction and sentences were affirmed by this Court on September 7,1978. Washington v. State, 362 So.2d 658 (Fla.1978), cert. denied, 441 U.S. 937, 99 S.Ct. 2063, 60 L.Ed.2d 666 (1979). On September 19, 1980, appellant filed an initial unsworn 3.850 motion with the trial court which was denied on October 2, 1980, nunc pro tunc September 23,1980, without prejudice to refile with verification. Following clemency proceedings, the Governor of Florida signed Washington’s death warrant on March 13, 1981. The appellant, almost six months after his original filing, refiled his motion for post-conviction relief, essentially unchanged but for the addition of a verification by Washington dated September 29, 1980. After a hearing, the trial court denied all relief by order of March 27, 1981. It is from this order that the present appeal arises.
Appellant raises a broadside of challenges to his sentence, of which the most critical is his claim of ineffective assistance of trial counsel because his attorney (1) failed to seek a continuance after the guilty plea to prepare a case for sentencing; (2) failed to obtain or request a psychiatric report; (3) failed to investigate and present character witnesses; (4) failed to request a presentence investigation report; (5) failed to present meaningful arguments to the sentencing judge; and (6) failed to investigate medical examiner’s reports or to cross-examine those persons. Appellant contends that he has made a sufficient showing under rule 3.850 to deserve an evidentiary hearing and that the trial court erred in applying the principles of Knight v. State, 394 So.2d 997 (Fla.1981), to deny his application absent an evidentiary hearing. We disagree. The standards of Knight do apply when assessing the sufficiency of a 3.850 motion predicated upon ineffective counsel, when determining whether the claim warrants an evidentiary hearing. Although we recognize that under both the terms of rule 3.850 and Meeks v. State, 382 So.2d 673 (Fla.1980), the evidentiary hearing can only be denied if it is conclusively shown that appellant’s motion lacks merit, we conclude that when the first three criteria of Knight for establishing ineffective counsel are placed alongside of appellant’s claims, those claims are shown conclusively to be without merit so as to obviate the need for an evidentiary hearing.
To each of appellant’s initial six points, the state counters with arguments that the omissions were not substantial. But even more fatal, we can find no prejudice caused to appellant, even if we assume that every allegation he has made in his petition is true. Several contentions focus on the lack of proof of appellant’s good character and his emotional and economic stress just prior to the murders. But equivalent proof was indeed placed before the sentencing court by Washington himself in the guilty plea colloquy, in which he attested to his troubles and that this was his first encounter with the law, all without being subjected to cross-examination. Nor was *287 trial counsel’s failure to obtain or request a psychiatric evaluation prejudicial since all psychiatric evaluations conducted before and after sentencing failed to raise any evidence of significant mental disturbance or impairment. None of these reports raise any substantial legal or factual arguments in mitigation, and hence there could be no prejudice. Failure to request a pre-sen-tence investigation report does not establish prejudice since the results of such an investigation would be pure speculation. In any event, such a report is discretionary with the trial court. Hargrave v. State, 366 So.2d 1, 4 (Fla.1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979).
The record shows that trial counsel made a respectable argument on appellant’s behalf at the sentencing hearing.* A confession plus numerous aggravating factors limit the alternatives of the most zealous of advocates. Finally, counsel’s failure to investigate medical reports and cross-examine the medical examiners could not be prejudicial since the facts of the reports were admitted by defendant in his confession. Under the circumstances cross-examination could have accomplished little. Indeed, cross-examination is a trial tactic choice properly within counsel’s discretion. See Ross v. State, 392 So.2d 23 (Fla. 4th DCA 1980) (concurring opinion); Robinson v. State, 378 So.2d 1346 (Fla.3d DCA 1980).
In conclusion, on the claims of ineffective counsel, the appellant has failed under the Knight criteria to make a prima facie showing of substantial deficiency or possible prejudice and has failed to such degree that we believe, to the point of a moral certainty, that he is entitled to no relief under rule 3.850.
Appellant also sought to include an assertion of ineffective assistance of appellate counsel as a basis for 3.850 relief. Because this claim did not relate to the judgment and sentence of the trial court, the court below properly declined to entertain the issue. For purposes of this appeal we shall treat the claim as a petition for writ of habeas corpus. Having now carefully considered the alleged ineffectiveness of appellate representation, we find no serious deficiencies causing prejudice to appellant, and we therefore deny habeas relief. See Knight v. State, 394 So.2d 997 (Fla.1981).
Appellant presents fourteen asserted trial court errors or constitutional defects, ranging from the court’s failure to request a pre-sentence investigation to a multitude of oft-repeated constitutional challenges to Florida’s death penalty statute. Many of the issues have been conclusively decided adversely to appellant’s position. The balance are either without merit or have been waived. Hargrave v. State, 396 So.2d 1127 (Fla.1981); Witt v. State, 387 So. 2d 922 (Fla.), cert. denied, - U.S. -, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Meeks v. State, 382 So.2d 673 (Fla.1980); Adams v. State, 380 So.2d 423 (Fla.1980); Sullivan v. State, 372 So.2d 938 (Fla.1979).
Accordingly, the trial court’s denial of appellant’s motion for post-conviction relief is affirmed, and the motion for stay of execution is denied.
No petition for rehearing will be entertained.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.

 Indeed, counsel was successful in preventing the introduction of appellant’s “rap sheet” at the sentencing hearing.