405 So.2d 470 (1981)
Robert Lee GARDNER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 80-1466, 80-1470.
District Court of Appeal of Florida, Third District.
October 27, 1981.
Bennett H. Brummer, Public Defender and Paul Morris, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellee.
Before HENDRY and NESBITT, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
HENDRY, Judge.
These consolidated appeals result from appellant's jury conviction for robbery. Appellant seeks reversal of the conviction and sentence on the grounds that 1) his court-appointed counsel was ineffective in that he failed to present alibi witnesses and properly investigate the case, and 2) the trial court erred in giving the deadlocked jury an "Allen" charge over defense counsel's objection and motion for mistrial. Ground one arises from the denial of appellant's Rule 3.850 motion to vacate judgment following an evidentiary hearing; ground two is a direct appeal to this court.
The state has responded to each of the appellant's points and further counters that the asserted omissions were not substantial. Appellant's primary complaint, defense counsel's failure to call alibi witnesses, was shown at the evidentiary hearing on appellant's Rule 3.850 motion to be a reasonable, tactical decision that placing the thirty-eight year old appellant's sixteen year old common-law wife, or her younger sister on the stand would have an adverse psychological impact on the jury. Defense counsel's determination not to pursue certain avenues of investigation which he found to be irrelevant to the present case, or felt would not be fruitful, was also a matter of trial tactic and strategy not open to attack. Washington v. State, 397 So.2d 285 (Fla. 1981); Robinson v. State, 378 So.2d 1346 (Fla. 3d DCA 1980). Appellant has not alleged, nor does the record show, any actual prejudice resulting from the asserted errors of his counsel. Two eyewitnesses to the robbery positively identified the appellant as the robber on three separate occasions: at the crime scene, at a live *471 line-up, and at trial. We find that the record clearly sustains the findings of the court below that counsel's decisions were tactical in nature; that the testimony of the eyewitness was credible; and that the appellant received a fair trial. The record also shows that trial counsel competently and diligently represented appellant, and this representation, in our view, met the standard for effective assistance of counsel enunciated by the Florida Supreme Court in Knight v. State, 394 So.2d 997 (Fla. 1981). See also Meeks v. State, 382 So.2d 673 (Fla. 1980).
Appellant next claims that the trial court erred in giving the jury an "Allen"[1] charge. The use of an Allen charge for deadlocked juries was recently approved by the Florida Supreme Court in Spaziano v. State, 393 So.2d 1119 (Fla. 1981); see also State v. Bryan, 290 So.2d 482 (Fla. 1974). In the present case, when the jury was unable to reach a decision after several hours of deliberation, the court gave the approved charge found in Standard Jury Instruction 2.21, specifically emphasizing that the jury was to resolve their differences only "if possible." The court thus gave a balanced charge meeting the criteria set forth in State v. Bryan, supra. Cf. Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla. 1976) (trial judge's remarks during voir dire examination demanding that the jury reach a verdict prejudiced defendant's right to a hung jury).
We conclude that the defendant has failed to demonstrate prejudicial error and affirm the conviction and sentence below.
Affirmed.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).