429 So.2d 688 (1983)
Derwin NORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 60711.
Supreme Court of Florida.
February 3, 1983.
Rehearing Denied April 26, 1983.
*689 Jerry Hill, Public Defender and W.C. McLain, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen., and David T. Weisbrod and Peggy A. Quince, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Norris appeals his conviction of first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Norris also claims error in the imposition of a separate sentence stemming from the attendant burglary conviction. We affirm the convictions, vacate the death sentence, and affirm the burglary sentence.
Norris broke into a residence occupied by a seventy-year-old woman and her ninety-seven-year-old mother. After beating both women, he ransacked the house and stole some money and jewelry. The mother died a month after the beating. According to the pathologist, her head and facial injuries, which were consistent with being caused by blows from a hand or fist, caused her death.
Norris admitted entering the house, taking the money, and seeing two women with blood on them in their respective beds. He claimed, however, that he blacked out after seeing them and had no recollection of striking them. Upon waking in his own home the next morning, he thought he had just had a bad dream.
The jury convicted Norris of first-degree felony murder and of the first-degree felony of burglary with an assault upon a person. Overriding the jury's recommendation of life imprisonment, the trial court imposed the death sentence for the homicide and ninety-nine years for the burglary. On appeal Norris alleges one trial error and numerous sentencing errors.
The convictions are attacked on the sole contention that the trial judge erred in admitting Norris' confession into evidence. We find no error here. The police gave Norris the standard Miranda[1] warnings, including his right to appointment of counsel. Norris then asked the detective interrogating him whether or not he needed an attorney. The detective responded that he could not make that decision for Norris and that if Norris wanted an attorney he would quit talking to him at that time. Norris thereafter said that he would answer questions but only the ones he wanted to answer. He now contends that the state did not demonstrate a valid waiver because the police never answered his question of whether he needed an attorney.
We find that the response given by the detective did not make further conversation with Norris either impermissible or inadmissible. See North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). The failure to answer Norris' question neither lulled him into waiving an attorney nor prevented his asking for one. Norris relies on Singleton v. State, 344 So.2d 911 (Fla. 3d DCA), cert. denied, 354 So.2d 986 (Fla. 1977), but the instant case and Singleton are factually dissimilar. Additionally, neither Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), nor Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), affords relief or comfort. Investigating officers must respond affirmatively to a request for counsel, but they are not required to try to convince a defendant that he needs an attorney. Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); State v. Craig, 237 So.2d 737 (Fla. 1970).
The trial judge found that Norris' constitutional rights had been observed and that he freely and voluntarily confessed after *690 being given full Miranda warnings. The record supports this. Our review of the record reveals strong evidence to support the convictions of burglary and homicide, and we discern no reversible error.
We now direct our attention to the sentence of death. The jury recommended life imprisonment, but the trial judge declined to follow that recommendation and imposed the death sentence. We therefore must first assess this sentence pursuant to Tedder v. State, 322 So.2d 908 (Fla. 1975), where we held that a jury's recommendation of life should be given great weight and said: "In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." Id. at 910.
When reviewed in light of Tedder, we find that the trial judge erred in imposing death. Norris was nineteen years old, suffered from a drug abuse problem, and claimed to have been intoxicated at the time of the crime. The state produced no evidence that he intended to kill anyone, even though the conviction of first-degree felony murder is amply supported by the lethal assault on the deceased during commission of a burglary. At sentencing the trial judge voiced concern over the possibility that Norris could be paroled someday, an improper consideration by judge or jury. See Miller v. State, 373 So.2d 882 (Fla. 1979). The record fails to disclose a justification for the trial judge's decision to override the jury's recommendation.
We next consider whether Norris may be sentenced separately for the burglary conviction since his first-degree murder conviction was based upon the commission of the underlying felony of burglary. In this instance we find both sentences proper. The first count of the two-count indictment charged Norris with the first-degree murder of the mother by beating. The second count charged that Norris unlawfully entered a structure with the intent to commit theft and made an assault upon the daughter. On the first count the jury convicted Norris of first-degree felony murder, while on the second it convicted him of burglary, as charged, with an assault on the daughter.
Burglary is a crime of entry, coupled with an intent to commit a crime therein. Here the home burglarized and the property taken belonged not to the deceased, but, rather, to her daughter. There is no double jeopardy problem because the Blockburger test[2] has been met. The burglary with assault on the daughter was a distinct and separate crime and distinguishes this case from State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). See § 775.021(4), Fla. Stat. (1979).
The convictions are affirmed. The death sentence is vacated, and the cause is remanded to the trial judge with instructions to impose a life sentence without eligibility for parole for twenty-five years for the murder conviction. The conviction and sentence on the burglary conviction are affirmed.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD and EHRLICH, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
ADKINS, J., concurs in the convictions, but dissents from the sentence.
BOYD, Justice, concurring in part and dissenting in part.
I concur with the majority opinion insofar as it holds that a sentence of life imprisonment without parole for twenty-five years is the appropriate sentence, under established precedents, for this first-degree murder.
*691 I dissent from the holding that it was proper to sentence appellant separately for the crimes of first-degree felony murder and the underlying felony of burglary. Separate sentences in this situation are clearly improper under State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). While the crimes are distinct and the separate convictions may stand, sentence should be imposed only for the more serious crime of felony murder. The underlying felony is a lesser included offense under section 775.021(4), Florida Statutes (1979), as we have construed it.
The majority resolves this issue by saying that there is no double jeopardy problem. Appellant, however, presents no double jeopardy claim but, rather, contends that the separate sentence for the underlying felony violates the intent of section 775.021(4) as construed by this Court in State v. Hegstrom. In that case we held that the legislature intended to exclude lesser included offenses from the statutory mandate of separate punishments for multiple criminal convictions. We turned to Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), merely for a workable definition of a lesser included offense. We held that since the underlying felony is a lesser included offense of murder when the murder rests on the felony murder theory, the legislature did not intend separate punishment for the underlying felony in such cases. The majority opinion recognizes that here the offense of burglary is the underlying felony upon which the felony murder conviction rests. Therefore, separate sentences are improper.
The majority opinion says that separate sentences are proper here because the Blockburger test has been met. Although this is not explained, it seems fair to assume that the majority means that since here the burglary charge was an enhanced or aggravated type of burglary because of the assault, proof of the burglary charge required an element not needed to be proved in order to prove an underlying felony for the felony murder. Thus the majority focuses on the particular facts of this case in holding that the enhanced burglary conviction required proof of an element not needed to support the felony murder conviction. This takes us back to the kind of reasoning the courts were using prior to the enactment of section 775.021(4), which abrogated the singletransaction rule. See Borges v. State, 415 So.2d 1265 (Fla. 1982); Johnson v. State, 366 So.2d 418 (Fla. 1978).
The burglary conviction is the underlying felony upon which the murder conviction rests. Therefore, under section 775.021(4) as interpreted in Hegstrom, there should be no separate punishment for the burglary. The fact that here the burglary charge is an enhanced species of burglary should make no difference to the application of this rule. I therefore dissent.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.