615 So.2d 236 (1993)
Anthony SIMON, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-128.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Rehearing Denied April 13, 1993.
*237 Bennett H. Brummer, Public Defender, and Amy Agnoli and Lydia A. Fernandez, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Scott Stoloff, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
PER CURIAM.
This is an appeal by the defendant Anthony Simon from final judgments of conviction and sentences for (a) burglary with an assault [§ 810.02(2)(a), Fla. Stat. (1989)] and (b) six counts of false imprisonment [§ 787.02(2), Fla. Stat. (1989)], after having declared the defendant a habitual violent felony offender. [§ 775.084(1)(b), (4)(a), Fla. Stat. (1989)]. We affirm with one modification.
First we find no merit in the defendant's contention that the trial court erred in failing to conduct a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971) with reference to a property receipt which was offered, but not admitted in evidence below. We reach this result because the point has not been properly preserved for appellate review. The defendant made no objection when (1) a police witness testified at trial concerning the subject receipt and (2) later when the receipt was offered into evidence. Only the co-defendant objected, and even he did not object on the ground of a discovery violation. Under these circumstances, the defendant can hardly complain that the trial court erred in failing to conduct a Richardson hearing. Moreover, the co-defendant's motion for mistrial made somewhat later in the trial, to which the defendant expressly joined, [wherein a discovery violation as to the co-defendant was urged relating to the property receipt] did not, as urged, trigger the necessity for a Richardson hearing. This is so because the issue by that time had been waived, as the testimony concerning the property receipt had already been received, the receipt had been offered in evidence, and the receipt had been excluded. In any event, the defendant, in joining the co-defendant's motion for mistrial, made no claim that he had never seen the property receipt or that there had been a discovery violation as to him. Lucas v. State, 376 So.2d 1149 (Fla. 1979); Taylor v. State, 589 So.2d 918 (Fla. 4th DCA 1991); Carillo v. State, 382 So.2d 429 (Fla. 3d DCA 1980).
Second, the defendant complains about three improper comments made by the prosecuting attorney in final argument to the jury. (a) One of these comments was not objected to at trial by the defendant (TR. 764-65) and, accordingly, the point has not been properly preserved for appellate review; moreover, no fundamental error has been shown with reference to this comment. Clark v. State, 363 So.2d 331 *238 (Fla. 1978); Jones v. State, 571 So.2d 1374 (Fla. 1st DCA 1990). (b) Another of the complained-of comments was fleeting in nature, relates primarily to the co-defendant in this case and otherwise presents no reversible error as to the defendant (TR. 767-68). (c) The remaining comment was objected to by the defendant, the objection was sustained, a motion for mistrial was denied, but a cautionary instruction was given. Moreover, the totality of the complained-of comments did not compel, as urged, a mistrial; did not deprive the defendant of a fair trial; and do not present fundamental error  especially in view of the extensive evidence of guilt presented at trial, which evidence was never contradicted by any defense evidence. Stated differently, we are convinced beyond a reasonable doubt that there is no reasonable possibility that any of these comments [either individually or collectively] contributed to the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Wilcher v. State, 524 So.2d 1105 (Fla. 3d DCA 1988).
Third, the state concedes, and we agree, that it was unlawful for the trial court to impose consecutive mandatory minimum sentences on the defendant under Section 775.084(4)(b), Florida Statutes (1989), after declaring the defendant a habitual violent felony offender, for (1) burglary of a structure with an assault [15-year mandatory minimum], and (2) six counts of false imprisonment [5-year mandatory minimum]. Without dispute, all of these crimes were committed in a single criminal episode, and, under such circumstances, it has been held that the mandatory minimum sentences provided under Section 775.084(4)(b) for a habitual violent felony offender must be imposed concurrently, and cannot be imposed consecutively, Daniels v. State, 595 So.2d 952 (Fla. 1992). In all fairness to the trial judge, this decision, although controlling, was rendered subsequent to the trial in this case.
Finally, we find no merit in the defendant's contention that he could not be sentenced separately for each of the crimes for which he was convicted, with each term of imprisonment to run consecutively. Under Section 775.021(4)(a), Florida Statutes (1989), a defendant may be sentenced separately for criminal offenses arising, as here, in the course of one criminal transaction or episode, which sentences may be imposed concurrently or consecutively, absent certain exceptions. Contrary to the defendant's contention, the six convictions for false imprisonment do not qualify for the statutory exception as to "[o]ffenses which require identical elements of proof." § 775.021(4)(b)(1), Fla. Stat. (1989). Without dispute, each of the six false imprisonment offense involved a different victim and therefore did not require identical elements of proof. James v. State, 453 So.2d 786, 793 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984); Norris v. State, 429 So.2d 688, 690 (Fla. 1983); see also Palmer v. State, 438 So.2d 1 (Fla. 1983) (finding no error in separate, consecutive sentences for simultaneous robbery of thirteen different victims).
The final judgments of conviction and sentences under review are affirmed, save for the mandatory minimum sentences imposed for each of the convictions herein. As to the latter, such sentences are modified so that they run concurrently, rather than consecutively.
Affirmed as modified.