351 So.2d 942 (1977)
Levis Leon ALDRIDGE, Petitioner,
v.
STATE of Florida, Respondent.
No. 46958.
Supreme Court of Florida.
June 9, 1977.
Rehearing Denied December 5, 1977.
*943 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for respondent.
PER CURIAM.
This case is here on direct appeal from the first degree murder conviction of Leon Aldridge and the imposition of a sentence of death. The trial court's sentence was preceded by a death sentence recommendation of a jury. Our jurisdiction to review this case is based on Article V, § 3(b)(1), of the Florida Constitution, and Section 921.141(4), Florida Statutes (1975).
The facts giving rise to Aldridge's conviction are not relevant to the points on appeal except insofar as they bear on the imposition of the death sentence. Aldridge previously had been convicted of a felony. While on parole, and after serving approximately 10 years in prison, he had been employed and befriended by the murder victim. The evidence at trial showed that Aldridge had planned to rob the victim's restaurant, and that he had borrowed a shotgun and shells in advance. During the commission of the robbery, three shotgun blasts were fired at the victim as he left the rear of the restaurant to enter his car. At least one of the blasts struck him in the head.
Aldridge argues for reversal of his conviction on three points, the first of which is the introduction of an allegedly "gruesome" photograph showing the victim's body near his automobile at the rear of his restaurant. The photograph was introduced despite the fact that both sides had stipulated to the date and place of death. We agree with the trial judge's ruling on admissibility. The test for admission in Florida is "relevance".[1] The photograph here was relevant to the details of the events leading up to the crime, in that *944 it showed the location of the victim's body in relation to the restaurant which had been robbed. This one photograph was not so objectional and inflammatory that the trial jury's verdict of guilt should be set aside. See Halliwell v. State, 323 So.2d 557 (Fla. 1975); Funchess v. State, 341 So.2d 762 (Fla. 1976).
Aldridge raises two points on appeal relative to charges given to the jury. The first involves a direction to the jury that it must find a unanimous verdict. Aldridge contends this instruction deprived him of the right to a so-called "hung" jury. In oral argument, Aldridge's counsel conceded that this point alone could not stand independently as a basis for reversal. We agree. When this instruction is considered in the context of the whole charge, it is clear that no pressure was placed on the jurors to return a verdict to which they did not agree. This case is not analogous, as Aldridge contends, to Jones v. State, 92 So.2d 261 (Fla. 1956).
Aldridge also attacks the trial judge's instruction on second degree felony murder. In this case, just as in Adams v. State, 341 So.2d 765 (Fla. 1976), the trial judge read to the jury a set of standard form instructions which had the net effect of barring a conviction for second degree felony murder. As we stated in Adams, however, those instructions are proper where the perpetrator of the independent felony (robbery here) also committed the homicide. The verdict indicates the jury found that Aldridge had killed a man while in the course of committing a robbery, a form of murder described as "first degree" in Section 782.04(1)(a), Florida Statutes (1973). There was no reversible error.
Aldridge's final points on appeal relate to the imposition of a death penalty. He asserts the unconstitutionality of the death penalty statute, which has already been resolved against him in other cases,[2] and the alleged error of the trial judge in describing the crime as heinous and atrocious in his written findings of aggravating and mitigating circumstances. We deem it unnecessary to pass upon Aldridge's challenge to the "heinous" finding of the trial judge[3] inasmuch as there were no mitigating circumstances[4] and adequate aggravating circumstances to sustain the penalty. Aldridge was at the time of the murder already under a sentence of imprisonment, and the capital felony was committed while Aldridge was engaged in the commission of a robbery.
For these reasons, we must conclude, as did the jury and the trial court, that the aggravating circumstances preponderate and the death penalty was warranted. The conviction and sentence are affirmed.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.
BOYD, J., dissents with an opinion.
HATCHETT, J., dissents.
BOYD, Justice, dissenting.
For two reasons I must respectfully dissent.
First, the only testimony of substance tying appellant to the crime was given by a convicted felon who had purchased and possessed the murder weapon in violation of conditions of his own parole. The witness admitted at trial that he had committed perjury by lying under oath to police in connection with statements made about this *945 crime. He further admitted he feared being returned to prison for buying and lending the death weapon to appellant. He had compelling reasons to implicate appellant or anyone else in the crime, since his gun was proven to have been used in the killing.
It very well may be true that appellant is the murderer, but the evidence submitted at the trial fails to constitute proof of guilt beyond and to the exclusion of reasonable doubt.
Under the statute of this State prescribing the procedures for imposition of sentences for capital felonies, Section 921.141, Florida Statutes, this Court is not permitted to approve a sentence of death until each case is weighed by the criteria stated in the statute. The facts shown in the record do not afford a lawful basis for conviction or infliction of capital punishment.
Second, even if the evidence had been sufficient to convict, I think a finding of first degree murder would have been improper. The trial court charged the jury that it could not find the defendant guilty of second degree murder if it found the murder to have occurred during the perpetration of a robbery. This charge was directly contrary to the statute on second degree murder then in existence, Section 782.04(2), Florida Statutes (1973).[1] See my dissent in Adams v. State, Fla., 341 So.2d 765 opinion filed December 16, 1976.
Normally, I would feel bound by the precedent of Adams, supra. However, human life is so precious that I cannot concur in an opinion which sends a condemned person to death after instruction to the jury in direct conflict with the statute.
NOTES
[1] Young v. State, 234 So.2d 341 (Fla. 1970).
[2] Alford v. State, 307 So.2d 433 (Fla. 1975); Dixon v. State, 283 So.2d 1 (Fla. 1973). See also, Proffitt v. State, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
[3] But see Halliwell v. State, 323 So.2d 557 (Fla. 1975), as to the meaning of "heinous" and "atrocious" in our death penalty statute.
[4] In this case, the trial court found no mitigating circumstances and Aldridge does not contest that finding on appeal. Rather, Aldridge, through his counsel, admitted the lack of mitigating circumstances and specifically requested the trial judge to impose the death penalty rather than incarcerating him for the minimum 25 years under our life sentence statute. This request, of course, has no bearing on our decision. We have a duty to review the record in every case where the death penalty is imposed. § 921.141(4), Fla. Stat. (1975).
[1] (2) When perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, or when committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, except as provided in subsection (1), it shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment in the state prison for life or for such term of years as may be determined by the court.