425 So.2d 1132 (1982)
Levis Leon ALDRIDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 61673.
Supreme Court of Florida.
December 22, 1982.
Rehearing Denied February 22, 1983.
*1133 Richard L. Jorandby, Public Defender and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a denial of appellant's Rule 3.850 post-conviction relief motion to vacate judgment and sentence of death on the ground that he was not afforded reasonably effective assistance of counsel at trial. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm.
Appellant was convicted and sentenced to death by the trial court on January 8, 1976. This Court affirmed the conviction and sentence in Aldridge v. State, 351 So.2d 942 (Fla. 1977), cert. denied, 439 U.S. 882, 99 S.Ct. 220, 58 L.Ed.2d 194 (1978) (Aldridge I). For the purpose of this opinion, the facts leading to appellant's conviction and sentence are briefly restated. Appellant, *1134 while on parole after serving approximately ten years in prison, was employed and befriended by Robert Ward, who worked in a restaurant. Having borrowed a shotgun and shells, appellant robbed the restaurant, and during the commission of the robbery, Ward was struck in the head and killed by at least one of three shots fired by appellant. Appellant was convicted of first-degree murder, and the jury recommended imposition of the death penalty. The trial judge, finding no mitigating circumstances, and concluding that the murder was heinous, atrocious, and cruel, followed the jury's recommendation and sentenced appellant to death. In the appeal before this Court, appellant sought reversal of his conviction, raising three points: the admission of prejudicial photographs; the trial court's direction requiring a unanimous verdict; and the trial court's instruction on second-degree felony murder. We affirmed, holding that (1) the photographs were admissible as relevant and were not so objectionable and inflammatory as to require reversal; (2) the requirement of a unanimous verdict did not prejudice the defendant; and, (3) the reading of the second-degree felony murder instructions was not error. Appellant also claimed error in the sentencing phase, asserting that the trial court improperly found that the crime was heinous, atrocious, and cruel. This Court found no error in the sentencing phase and noted that appellant was under a sentence of imprisonment at the time of the murder, and that the murder was committed during the commission of a robbery.
Subsequent to this Court's opinion on the merits, the appellant, on October 29, 1979, filed an application for relief under this Court's all writs jurisdiction, claiming that this Court, in considering the appeal of his conviction and sentence, improperly found two aggravating circumstances which had not been found by the trial judge. We denied relief in an unreported order (Aldridge II) on December 21, 1979, and appellant's petition for certiorari to the United States Supreme Court on this issue was also denied. Aldridge v. Florida, 449 U.S. 891, 101 S.Ct. 251, 66 L.Ed.2d 118 (1980).
While appellant's application for relief filed under this Court's all writs jurisdiction was pending, the appellant, on November 2, 1979, filed a Rule 3.850 motion in the trial court, seeking to have his judgment and sentence vacated. In this motion, appellant contended that the death sentence was imposed on him in violation of the United States and Florida constitutions and that he was denied effective assistance of counsel at trial. While this 3.850 motion was pending in the trial court, the governor, on June 16, 1981, signed a death warrant authorizing appellant's execution on July 15, 1981. The trial court, on June 18, 1981, denied appellant's motion without conducting an evidentiary hearing. In an expedited appeal, this Court reversed the trial court's order and granted a stay of execution on the grounds that an evidentiary hearing was required on the issue of effectiveness of trial counsel. The case was remanded for that purpose and relief on all other grounds was denied. Aldridge v. State, 402 So.2d 607 (Fla. 1981) (Aldridge III).
The subject of this appeal is the trial court's finding, after an evidentiary hearing in this Aldridge IV proceeding, that appellant had reasonably effective assistance of counsel at trial. At the evidentiary hearing, the trial court followed the standard established in Knight v. State, 394 So.2d 997 (Fla. 1981), and found "[t]hat [appellant] has shown that the specific omission of trial counsels' failing to take pre-trial depositions upon oral examination of the State's main witnesses was a substantial and serious deficiency measurably below that of competent counsel." The trial judge concluded, however, "[t]hat [appellant] has not shown that this specific deficiency ... when considered under the circumstances of this individual case, was substantial enough to demonstrate a prejudice to the [appellant] to the extent that there is a likelihood that this deficient conduct effected [sic] the outcome of the trial." Consequently, the trial judge denied appellant's post-conviction relief motion.
Appellant contends that he was denied effective assistance of counsel in four respects. *1135 First, appellant asserts that he was denied the right to counsel during pre-trial preparations by the assignment of a non-lawyer to represent him. Second, appellant contends that the trial court denied him effective assistance of counsel by refusing to appoint an attorney from outside the public defender's office to represent appellant. Third, appellant contends that the denial of the public defender's motion for a continuance, which was filed immediately before trial, was prejudicial error which counsel should have raised on appeal. Fourth, appellant cites several specific acts and omissions on the part of appointed counsel, particularly the failure to depose witnesses, which he contends show that, under the totality of the circumstances, he was not provided effective assistance of counsel.
On the first point, appellant alleges that a part-time legal intern, not licensed to practice law, was assigned to his case and not properly supervised by a member of the bar. As a result, appellant contends, valuable preparatory work, such as the filing of motions and the taking of depositions, was not done. At the evidentiary hearing, the public defender testified that he was in charge of appellant's case and that the intern was merely assisting him in his preparation for trial. We agree with appellant that an accused in a criminal case has a right to counsel at every important stage of the proceedings, but find that appellant was not denied the assistance of counsel at the preparation stage or at any other stage of his trial.
In his second point, appellant asserts that conflict developed between himself and his appointed counsel, and that the trial court, after being informed of this conflict, erred in not appointing counsel from outside the public defender's office. Because the public defender's office is considered a "firm," appellant argues, whenever conflict arises, counsel not affiliated with the particular public defender's office must be appointed. We reject this contention. We find that appellant has misconstrued the meaning of conflict in this situation. In Babb v. Edwards, 412 So.2d 859 (Fla. 1982), and Turner v. State, 340 So.2d 132 (Fla. 2d DCA 1976), conflict in a public defender's office arose out of multiple representation, and in Roberts v. State, 345 So.2d 837 (Fla. 3d DCA 1977), conflict was created when an assistant public defender was called to testify against a defendant represented by another assistant public defender working in the same office. The asserted conflict in this case arose out of appellant's fear that appointed counsel would make a "deal" for him, and his belief that appointed counsel had failed to properly investigate a state witness appellant contended was lying. This type of asserted individual conflict or personal disagreement does not mandate that new counsel be appointed by the court. It is clearly distinguishable from either Turner or Roberts, and there was no error in the trial court's refusal to appoint new counsel from outside the public defender's office. Furthermore, in this case the record reflects that once the public defender explained to appellant that the state witness was being investigated and that no "deal" could be made without appellant's consent, appellant acquiesced in the continued representation by the public defender's office.
Appellant's third contention is that the trial court erred in denying the motion for continuance. Although trial and appellate counsel now claim that the denial of the continuance was error, neither thought enough of this issue to raise it in post-trial motions or designate it as an issue on appeal. Nothing has been shown to this Court concerning what evidence could have been discovered had the continuance been granted or what would have been done differently if counsel had been afforded a continuance. No prejudice has been shown to have resulted from the denial of the motion for continuance, which is an issue that could have been raised in the original appeal. See Valle v. State, 394 So.2d 1004 (Fla. 1981). To allow this issue to now be considered on the facts of this case affords counsel an opportunity to keep an issue in reserve for post-conviction relief proceedings. Since this was an issue which could *1136 have been raised on appeal, it is not a proper subject for post-conviction relief. See Zeigler v. State, 402 So.2d 365 (Fla. 1981) cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982); Spenkelink v. State, 350 So.2d 85 (Fla.), cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977); Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979). Further, there being no specific prejudice shown, the failure to raise the issue on appeal cannot be a basis for a finding of ineffective assistance of counsel under the test adopted by this Court in Knight v. State, 394 So.2d 997 (Fla. 1981).
Appellant's fourth point concerns appointed counsel's failure to take the formal depositions of state witnesses under Florida's criminal discovery rules. The test for determining whether effective assistance of counsel has been provided, as expressed in Knight, requires a defendant to show that a "specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel." 394 So.2d at 1001. The trial judge found that appointed counsel's failure to take formal depositions under the criminal rules was a substantial and serious deficiency. Although we agree that the failure to take depositions requires an inquiry, it does not necessarily follow that this conduct in itself necessitates a finding of ineffective assistance of counsel or prejudice to appellant. This is particularly so when defense counsel, as was the case here, had sworn statements from each of the witnesses who testified and there is no showing as to what other information would have been provided to defense counsel through the use of depositions. In our view, the record clearly fails "to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings." Id. Appellant has made no attempt whatever to present any evidence to indicate what information would have been elicited in taking the depositions which would have affected the outcome of his trial. Again, appellant has failed to show the required prejudice under Knight.
We previously rejected all the other alleged defects in the instant case when we remanded appellant's initial Rule 3.850 motion for an evidentiary hearing on the issue of the effectiveness of trial counsel.
For the reasons expressed, the trial court's denial of appellant's Rule 3.850 motion is affirmed.
It is so ordered.
ADKINS, Acting Chief Justice, and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.