433 So.2d 988 (1983)
Levis Leon ALDRIDGE, a/K/a Levis Leon Aldrich, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
No. 63789.
Supreme Court of Florida.
June 14, 1983.
Richard L. Jorandby, Public Defender and Craig S. Barnard, Chief Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
*989 Jim Smith, Atty. Gen. and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
The petitioner, Levis Leon Aldridge, has filed a petition for writ of habeas corpus, seeking relief from his conviction and sentence of death previously affirmed by this Court. This is the fifth occasion on which this cause has been before this Court.
In Aldridge I we affirmed petitioner's conviction and sentence of death. Aldridge v. State, 351 So.2d 942 (Fla. 1977), cert. denied, 439 U.S. 882, 99 S.Ct. 220, 58 L.Ed.2d 194 (1978).
In Aldridge II, in an unreported order dated December 21, 1979, we denied an application for relief from allegations that this Court, in considering the appeal of Aldridge's conviction and sentence, improperly found two aggravating circumstances which had not been found by the trial judge. Aldridge's petition for certiorari to the United States Supreme Court on this issue was denied. Aldridge v. Florida, 449 U.S. 891, 101 S.Ct. 251, 66 L.Ed.2d 118 (1980).
In Aldridge III, petitioner filed an application for relief under Florida Rule of Criminal Procedure 3.850. We denied relief on all issues except the issue of alleged ineffective assistance of trial counsel. On that issue, we remanded the cause to the trial court for an evidentiary hearing. Aldridge v. State, 402 So.2d 607 (Fla. 1981).
In Aldridge IV, after the trial court conducted an evidentiary hearing and denied Rule 3.850 relief, the case was returned to this Court and we affirmed, concluding that Aldridge failed to show the required prejudice for a finding of ineffective assistance of counsel under the test adopted by this Court in Knight v. State, 394 So.2d 997 (Fla. 1981). Aldridge v. State, 425 So.2d 1132, 1136 (Fla. 1982).
In this proceeding, petitioner seeks the issuance of a writ of habeas corpus, raising four grounds. First, Aldridge asserts that this Court unconstitutionally applied the principle of law established by this Court in Elledge v. State, 346 So.2d 998 (Fla. 1977). In Elledge, we held that when this Court strikes an aggravating factor because it is unsupported by the evidence and there remain valid statutory aggravating factors sufficient to justify the imposition of the death sentence, and there are no mitigating circumstances, statutory or otherwise, found by the trial judge or apparent in the record, then remand for resentencing is not necessary. On the other hand, if there are mitigating circumstances present, Elledge directed a remand for resentencing. The rule stated in Elledge was modified to a limited extent by our subsequent decision in Hargrave v. State, 366 So.2d 1 (Fla. 1978). In Aldridge I we concluded that "inasmuch as there were no mitigating circumstances and [there were] adequate aggravating circumstances to sustain the penalty," 351 So.2d at 944 (footnotes omitted), it was not necessary to pass upon Aldridge's claim that the trial judge erred in finding that his crime was heinous, atrocious, and cruel. This Court clearly addressed the propriety of the aggravating and mitigating circumstances and the appropriateness of the death sentence in accordance with the law as it was established at the time of the decision of this case on the merits. The principles established in Elledge were applied and this Court found that there were no mitigating circumstances and that there were adequate statutory aggravating circumstances to sustain the death penalty. The issue concerning the asserted improper finding by this Court of the aggravating circumstances that the murder was committed while Aldridge was under a sentence of imprisonment and was engaged in the commission of a robbery was addressed in Aldridge II. We do not find Presnell v. Georgia, 439 U.S. 14, 99 S.Ct. 235, 58 L.Ed.2d 207 (1978), applicable.
In his second ground, Aldridge asserts that the recent decision of the United States Supreme Court in Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), mandates that due process requires that a lesser included offense instruction be given only when the evidence warrants such *990 an instruction. Petitioner contends that the standard jury instructions which direct the trial judge to instruct the jury on all lesser degrees of homicide render the capital sentencing scheme unconstitutional. We reject this contention. Hopper is not applicable here because in that case Alabama law prohibited instructions on lesser included offenses in capital murder cases. The rule of law established in Hopper is that due process provides that defendants in capital cases are entitled, as in every other criminal case, to an instruction on lesser included offenses when the evidence warrants such an instruction. Hopper was never intended to limit the giving of lesser included offense instructions in capital cases, and the petitioner's argument is without merit.
In the third issue raised by Aldridge, he claims that Florida's standard jury instructions, which present to the jury in the penalty phase of the trial all the statutory aggravating circumstances, are erroneous and create fundamental error. We reject this contention and find that it is without merit. We expressly addressed this issue and resolved it contrary to petitioner's view in Straight v. Wainwright, 422 So.2d 827 (Fla. 1982). See also Hitchcock v. State, 432 So.2d 42 (Fla. 1983).
The fourth issue raised by Aldridge concerns an instruction given to the jury regarding the vote necessary for a recommendation of the death sentence. Petitioner contends that our standard jury instruction which directs how the jury should arrive at a recommendation of either the death penalty or life imprisonment is written in a manner that makes Florida's capital sentencing scheme violative of the eighth and fourteenth amendments. There was no objection to the instruction as given and the issue was not raised on appeal. Again, as acknowledged by petitioner, we ruled on this question in Hitchcock, where we held that the argument advanced by petitioner misconstrues our decision in Rose v. State, 425 So.2d 521 (Fla. 1982).
For the reasons expressed, the petition for habeas corpus and the motion for stay of execution are denied. No rehearing will be allowed.
It is so ordered.
ADKINS, Acting C.J. and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.