503 So.2d 1257 (1987)
Levis Leon ALDRIDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 70175.
Supreme Court of Florida.
March 12, 1987.
*1258 Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Craig S. Barnard, Chief Asst. Public Defender and Steven H. Malone, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., and Joy B. Shearer and Richard G. Bartmon, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
Levis Leon Aldridge appeals a denial of his Florida Rule of Criminal Procedure 3.850 motion to vacate judgment and sentence of death. He also seeks a stay of execution from his third death warrant. We have jurisdiction, article V, section 3(b)(1), Florida Constitution. We affirm the trial court and deny the stay of execution.
This is the sixth time this cause has been before this Court.[*] Aldridge was convicted of first-degree murder for killing a restaurant manager during the commission of a robbery. The jury recommended, and the judge imposed, the death sentence. Aldridge raises five claims in this third post-conviction proceeding.
First, Aldridge contends that trial counsel's performance was so ineffective that it prejudiced Aldridge and denied him a fair trial. Appellant raised this claim in his first Rule 3.850 motion. In that proceeding, the trial court held an evidentiary hearing, denied relief, and we affirmed, concluding that Aldridge failed to show the requisite prejudice required under Knight v. State, 394 So.2d 997 (Fla. 1981). Aldridge v. State, 425 So.2d 1132, 1136 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983). Appellant now raises somewhat different facts to support his ineffective-assistance-of-counsel claim. We hold this claim is without merit and find Aldridge is procedurally barred from raising this issue in a successive 3.850 motion. See Sullivan v. State, 441 So.2d 609 (Fla. 1983).
Second, Aldridge claims that the state intentionally withheld favorable evidence contrary to the United States Supreme Court decision in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and also knowingly used false testimony in violation of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Specifically, the appellant contends that the state's chief witness, Charles Strickland, received favors from the state in exchange for his testimony, and that this information was not presented to the jury. Additionally, Aldridge contends that Strickland's prior attorney-client relationship with the prosecutor in this case led to a conflict of interest and an unfair trial. From our review of the record, the cross-examination of Strickland by Aldridge's defense counsel revealed that (a) the state granted Strickland immunity for his testimony; (b) Strickland violated his *1259 parole by carrying a gun; (c) Strickland committed perjury; and (d) at the time of the testimony the Parole Commission had not acted and would not act until after Strickland testified. Aldridge argues that the state's failure to inform the defense about an in-house parole commission memo harmed the defense and violated Brady. The memo was written prior to the indictment and stated that the Parole Commission had been asked to take no action on either Strickland's or Aldridge's parole because the case was in a critical posture. We conclude the memo would not have conveyed any information to the jury not already revealed by the examination and cross-examination of Strickland. Aldridge also argues that the prosecutor should have disclosed his prior representation of Strickland when he worked as a public defender. We find that neither the failure to disclose the memo nor the prior representation violates Brady or Giglio under the circumstances of this case.
In his third point, Aldridge claims the trial judge diluted the jury's understanding of its sentencing responsibility and, therefore, deprived him of a fair and reliable sentencing proceeding. The following is the trial court's statement on which Aldridge bases his claim:
THE COURT: Ladies and gentlemen of the jury, you have found the defendant guilty of murder in the first degree. The punishment for this crime is either death or life imprisonment. Final decision as to what punishment shall be imposed rests solely and only with the Judge of this Court. However, the law requires that you, the jury, render to the Court an advisory sentence as to what punishment should be imposed upon the defendant.
This is a correct statement of Florida law and clearly distinguishes the instant case from Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). This claim lacks substantive merit and also is procedurally barred because it could have been raised on direct appeal.
In his fourth point, Aldridge claims that Florida's death penalty is imposed in a discriminatory manner based on arbitrary factors. We rejected this claim in Aldridge's prior 3.850 motion and he is procedurally barred from raising it now. Further, we note we have rejected this issue in multiple other cases. See, e.g., Smith v. State, 457 So.2d 1380 (Fla. 1984); Henry v. State, 377 So.2d 692 (Fla. 1979).
In his final point, Aldridge claims that the judge and jury considered only the statutory mitigating factors and did not consider relevant nonstatutory mitigating evidence, contrary to Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). This argument is without merit for at least three reasons. First, Aldridge did not ask that the jury consider any mitigating circumstances, statutory or nonstatutory. The following is the statement made by his lawyer to the jury in the sentencing proceeding:
MR. SCHWARZ: As I indicated, ladies and gentlemen, my client has not asked for me to plead for an advisory opinion on life imprisonment. Under the statute, as Mr. Stone has made out, on a capital offense such as this, a life sentence requires the serving of  a mandatory serving of a minimum of twenty-five calendar years before even being eligible for parole. Mr. Aldridge has spent ten years in the state prison. He has no desire to spend the rest of his life there. He has, therefore, asked me and I will accede to his wishes and not request that there be mitigating circumstances presented.
Next, the nonstatutory mitigating circumstance now claimed applicable by Aldridge is the residual doubt which, according to the defense, surrounds his conviction. We have held this is not an appropriate nonstatutory mitigating circumstance. Burr v. State, 466 So.2d 1051 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 201, 88 L.Ed.2d 170 (1985). See also Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). Finally, this claim is without merit because Aldridge had an opportunity to raise the issue after Lockett in prior proceedings and has failed to do so. We reject Aldridge's *1260 reliance on our recent decisions in Harvard v. State, 486 So.2d 537 (Fla.), cert. denied, ___ U.S. ___, 107 S.Ct. 215, 93 L.Ed.2d 144 (1986), and Lucas v. State, 490 So.2d 943 (Fla. 1986). These cases do not reflect a fundamental change in the law. Further, the factual circumstances in those two cases clearly distinguish them from the instant case.
For the reasons expressed, we affirm the trial court's denial of appellant's 3.850 motion and deny the requested stay of execution. No petition for rehearing will be allowed.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] In Aldridge I, we affirmed petitioner's conviction and sentence of death. Aldridge v. State, 351 So.2d 942 (Fla. 1977), cert. denied, 439 U.S. 882, 99 S.Ct. 220, 58 L.Ed.2d 194 (1978). In Aldridge II, in an unreported order dated December 21, 1979, we denied an application for relief from allegations that this Court, in considering the appeal of Aldridge's conviction and sentence, improperly found two aggravating circumstances which had not been found by the trial judge. Aldridge's petition for certiorari to the United States Supreme Court on this issue was denied. Aldridge v. Florida, 449 U.S. 891, 101 S.Ct. 251, 66 L.Ed.2d 118 (1980). In Aldridge III, petitioner filed an application for relief under Florida Rule of Criminal Procedure 3.850. We denied relief on all issues except the issue of alleged ineffective assistance of trial counsel. On that issue, we remanded the cause to the trial court for an evidentiary hearing. Aldridge v. State, 402 So.2d 607 (Fla. 1981). In Aldridge IV, after the trial court conducted an evidentiary hearing and denied Rule 3.850 relief, the case was returned to this Court and we affirmed, concluding that Aldridge failed to show the required prejudice for a finding of ineffective assistance of counsel under the test adopted by this Court in Knight v. State, 394 So.2d 997 (Fla. 1981). Aldridge v. State, 425 So.2d 1132, 1136 (Fla. 1982). In Aldridge V, we denied the petition for habeas corpus and the motion for stay of execution, concluding that Aldridge failed to raise any issue warranting relief. Aldridge v. Wainwright, 433 So.2d 988 (Fla. 1983).